UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARTIN TORRES-CASTILLO    )
                          )
v.                        )    CA B-01-009
                          )
E.M. TROMINSKI, et al     )
_____)

**PETITIONER'S EXHIBIT "F" IN SUPPORT OF PETITION FOR HABEAS CORPUS**

Petitioner, through counsel, respectfully files Exhibit "F" in support of his Petition for Habeas Corpus, to wit, a summary grant by a single Member of the Board of Immigration Appeals, ("BIA"), of an appeal presenting the question of whether an LPR who pled guilty to a criminal offense prior to IIRIRA continues to be eligible for §212(c) relief, even in removal proceedings, even though he did not have seven years as an LPR at the time of his guilty plea. The fact that this appeal was granted by a single Board Member, under 8 C.F.R. §3.1(a)(7),[1] demonstrates that this question is considered by the Board of Immigration Appeals to be one which:

> ... is squarely controlled by existing Board or federal court precedent and does not involve the application of precedent to a novel fact situation.

---

[1]  8 C.F.R. §3.1(a)(7) provides in pertinent part as follows:

(ii)-- The single Board Member to whom a case is assigned may affirm the decision of the Service or the Immigration Judge, without opinion, if the Board Member determines that the result reached in the decision under review was correct; that any errors in the decision under review were harmless or nonmaterial; and that
  (A)-- the issue on appeal is squarely controlled by existing Board or federal court precedent and does not involve the application of precedent to a novel fact situation; or
  (B)-- the factual and legal questions raised on appeal are so insubstantial that three-Member review is not warranted.

Therefore, it is submitted that Mr. Torres' eligibility for §212(c) relief is also "squarely controlled by existing... federal court precedent," to wit, *INS v. St. Cyr,* 121 S.Ct. 2271 (2001).

Respectfully Submitted,

*[signature]*

Lisa S. Brodyaga,
REFUGIO DEL RIO GRANDE
17891 Landrum Park Rd.
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)

Fed. Id:   1178
Texas State Bar:   03052800

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing, with Exhibit "F," was mailed, first class postage prepaid, to Lisa Putnam, SAUSA, P.O. Box 1711, Harlingen, Texas 78551, on November 30, 2001.

*[signature]*
_____



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

| | |
|---|---|
| **Garcia, Thelma O.**<br>**301 E. Madison Avenue,**<br>**Harlingen, TX 78550** | **Office of the District Counsel/HL**<br>**P.O. Box 1711**<br>**Harlingen, TX 78551** |

**Name: MATA-MARES, JOSE D.**           A90-332-662

<u>D</u>ate of this notice: 11/26/2001

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Very Truly Yours,

*Lori Scialabba*

RECEIVED NOV 29 2001

Lori Scialabba
Acting Chairman

Enclosure

Panel Members:
    GRANT, EDWARD R.

..partment of Justice                           Decision of the Board of Immigration Appeals
..utive Office for Immigration Review

Falls Church, Virginia 22041

File:  A90 332 662 - Harlingen                  Date:
                                                NOV 26 2001
In re: JOSE DOMINGO MATA-MARES

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Thelma O. Garcia, Esquire

ON BEHALF OF SERVICE:   Kenneth M. Muir
                        Assistant District Counsel

CHARGE:

    Notice:  Sec.  237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
             Convicted of aggravated felony

APPLICATION:  Waiver of inadmissibility under section 212(c)

ORDER:

    PER CURIAM. The respondent has appealed the Immigration Judge's February 6, 2001, decision pretermitting his application for a waiver of inadmissibility under section 212(c) of the Immigration and Nationality Act. The record is remanded.

    The United States Supreme Court has determined that the restrictions on section 212(c) relief do not apply retroactively to aliens who pled guilty prior to April 24, 1996. In this case, the respondent was convicted on November 11, 1992, of the offense of conspiracy to transport certain aliens within the United States, in violation of 8 U.S.C. § 1324(a)(1)(B). See Exh. 2. His conviction was pursuant to a plea of guilty which was entered prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. See INS v. St. Cyr, ___ U.S. ___, 121 S.Ct 2271 (2001).

    The respondent was admitted to the United States as a lawful permanent resident on April 29, 1988. See Exh. 1. Thus, at the time of his plea, he did not have 7 years of lawful domicile and was therefore statutorily ineligible for a waiver of inadmissibility at that time. However, he has now accrued the requisite 7 years of lawful domicile required to establish eligibility for a section 212(c) waiver. We therefore find that a remand is warranted in order to allow the respondent an opportunity to apply for a waiver of inadmissibility under section 212(c) of the Act.

    Accordingly, the record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and the entry of a new decision.

                        _____
                              FOR THE BOARD