

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
FILED

JUL 2 1 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROMAN PERALES, NOEL GONZALEZ, | § | |
| RUDY MOLINA, ENRIQUE MENDIOLA | § | |
| AND HILARIO ACEVEDO, JR. | § | |
|     Plaintiffs | § | |
| | § | |
| vs. | § | CIVIL ACTIN NO. B-00-009 |
| | § | |
| SUPREME COURT OF TEXAS; | § | |
| THOMAS R. PHILLIPS; | § | |
| RAUL A. GONZALEZ; | § | |
| NATHAN I. HECHT; JOHN CORNYN; | § | |
| CRAIG ENOCH; ROSE SPECTOR; | § | |
| PRISCILLA R.OWEN; JAMES A BAKER; | § | |
| GREG ABBOTT; OFFICE OF THE | § | |
| ATTORNEY GENERAL OF TEXAS; | § | |
| DAN MORALES; BOARD OF LAW | § | |
| EXAMINERS OF TEXAS; | § | |
| RACHAEL MARTIN; WARLICK CARR; | § | |
| DEBORAH G. HANKINSON; and | § | |
| ROBERT ROLLER | § | |
|     Defendants | § | |

## FIRST AMENDED COMPLAINT TO SET ASIDE THE JUDGMENT AND PETITION FOR WRIT OF MANDAMUS

TO THE HONORABLE FILEMON VELA, JUDGE OF SAID COURT:

COMES NOW, Roman Perales, Plaintiff and Relator, pro se, and pursuant to Rule 60 b, see U.S. v. Beggerly, and 28 US.C.§1651(a), The All Writs Act, presents this First Amended Complaint to Set Aside The Judgment for fraud on the court, and Petition for Writ of Mandamus, and as grounds therefore, would respectfully show this Honorable Court the following:

1

## Parties
### Plaintiffs
**1.**

ROMAN PERALES, a plaintiff in Cause No. B-96-226 [Perales anti-trust suit], and

NOEL GONZALEZ, RUDY MOLINA, ENRIQUE MENDIOLA and HILARIO ACEVEDO,

JR., plaintiffs in Cause No. B-98-28 [Gonzalez' anti-trust suit], brought separate and similar

anti-trust suits in this court against the State of Texas and its officials.

### Defendants
**2.**

The SUPREME COURT OF TEXAS, Board of Law Examiners of the State of Texas and

the Office of the Attorney General of Texas and THOMAS R. PHILLIPS, RAUL A.

GONZALEZ, NATHAN L. HECHT, JOHN CORNYN, CRAIG ENOCH, ROSE SPECTOR,

PRISCILLA R. OWEN, JAMES A. BAKER, GREG ABBOTT, DAN MORALES, RACHAEL

MARTIN, and WARLICK CARR, were defendants in the Perales anti-trust suit.

THE SUPREME COURT OF TEXAS, Board of Law Examiners of the State of Texas

and the Office of the Attorney General of the State of Texas, and THOMAS R. PHILLIPS,

RAUL GONZALEZ, NATHAN I. HECHT, CRAIG ENOCH, ROSE SPECTOR, PRISCILLA

R. OWEN, JAMES A. BAKER, GREG ABBOT, DEBORAH G. HANKINSON, RACHAEL

MARTIN, ROBERT ROLLER AND DAN MORALES were defendants in the Gonzalez' anti-

trust suit.

### Attorneys
**3.**

DAN MORALES, former Attorney General of Texas, JORGE VEGA, LAQUITA A.

HAMILTON, TONI HUNTER, and ALLISON H. ECCLES, are attorneys whose names appear

in the pleading filed in the court in the Perales anti-trust suit. DAN MORALES, former attorney General, JORGE VEGA, DAVID A. TALBOT, JR., TONI HUNER and HEATER HORTON are attorneys whose names appeared in the pleading filed in the court in the Gonzalez' anti-trust suit. All Defendants have previously appeared on the motion to dismiss the Complaint to Set Aside the Judgment by and through the Office of the Attorney General of Texas, and have been previously served, and no service of process is required in that they will receive a copy of the First Amended Complaint to Set Aside the Judgment and Petition for Writ of Mandamus by and through their attorney of record.

### Respondent
### 4.

Honorable John William Black, Magistrate, United States District Court for the Southern District of Texas, 600 E. Harrison Street, Brownsville, Texas, 78520, is the Respondent.

### Statement of Facts
### 5.

The Plaintiff and the other Plaintiff bar applicants in the underlying anti-trust complaints against the state and its officials made the alternative statements in the anti-trust complaints that:

1. Their denial of admission to the Texas Bar on a grading formula for the Bar Exam that was not approved by the Texas Supreme Court is not a denial of the Texas Supreme Court as a matter of law and thus, violates the Sherman Anti-Trust Act; and alternatively,

2. Their denial of admission on a grading formula not approved by the Texas Supreme Court is a denial of the Texas Supreme Court and thus, violates the Sherman Anti-Trust Act.

The instant order and judgment and the magistrate's reports and recommendations are based only on the alternative statement in the anti-trust complaints that the denial of admission

3

on a grading formula not approved by the Texas Supreme Court is a denial of the Texas Supreme

Court.  The magistrate failed and refused to make proposed findings on the above statement in

the antitrust complaints that stated that their denial of admission on a grading formula for the Bar

Exam that was not approved by the Texas Supreme Court is not a denial of the Texas Supreme

Court as a matter of law and thus violate the Sherman Anti-Trust Act.

      Attached hereto and incorporated herein are:

Exhibit A, the antitrust complaint of Perales v. Supreme Court of Texas et al, B-96-226.
Exhibit B, the motion to dismiss the Perales anti-trust complaint.
Exhibit C, the Magistrate's Report and Recommendation.
Exhibit D, the District Court's order of dismissal.
Exhibit E, the antitrust complaint of Gonzalez et al v. Supreme Court of Texas et al, B-98-28.
Exhibit F, the motion to dismiss the Gonzalez anti-trust complaint.
Exhibit G, the Magistrate's Report and Recommendation.
Exhibit H, the District Court's order of dismissal.
      Plaintiff requests this court to take judicial notice of the record in the Perales and

Gonzalez anti-trust suits.

<div align="center">

**Fraud on the Court**
**6.**

</div>

      Plaintiff requests this Court to set aside the judgment and order of dismissal of the anti-

trust complaints on the following grounds:

      (1)  The defendants state government and its officials, including their attorneys,

represented as true to the plaintiffs and to the court the alternative statement in the anti-trust

complaints that stated that the denial of admission to the Texas Bar on a grading formula not

approved by the Texas Supreme Court is that of the Texas Supreme Court.  Such alternative

statement is the basis of the instant magistrate's reports and recommendations and the instant

judgment and order of dismissal.  Such alternative statement is by itself a false and misleading

<div align="center">

4

</div>

statement as a matter of law. See Goldfarb v. Virginia State Bar, 421 U.S. 773 (1975), as to the merits, a regulation to the practice of law that is not approved by the state supreme court is not a regulation of the state supreme court, and Hoover v. Ronwin, 466 U.S. 558 (1983), as to the merits, a denial to the state bar on a grading formula for the bar exam that was not approved by the state supreme court is not a denial of the state supreme court.

Plaintiff moves to withdraw and requests this Court to strike such alternative statement in the underlying anti-trust complaints that stated that the denial is that of the Texas Supreme Court. Such alternative statement is false and misleading as a matter of law and goes to the merits of the case of whether in fact the denial is that or is not that of the Texas Supreme Court on a grading formula not approved by the Texas Supreme Court. The defendants and their attorneys have made the false and misleading alternative statement to the plaintiffs, to the bar applicants and to the federal courts. Upon the court's own initiative at any time, the court may order stricken from any pleading, any insufficient defense or any redundant, immaterial, impertinent, or scandalous material. The court is responsible for securing the system's effective operation.

This Court has jurisdiction and authority to set aside the instant judgment based on fraud on the court and to prevent a grave miscarriage of justice. U.S. v. Beggerly, 118 S.Ct. 1869 (1998). Justice Rehnquist, who wrote the opinion in U.S. v. Beggerly, stated that the case of Marshall v. Holmes, 141 U.S. 589, 12 S.Ct. 62, 35 L.Ed. 870 (1891) is an example of such a case of a grave miscarriage of justice. In that case, the plaintiff alleged that the judgment had been taken against her in the underlying action as a result of a forged document. Chief Justice Rehnquist quoted the court in Marshall v. Holmes that:

5

According to the averments of the original petition for injunction . . . The judgment in question would not have been rendered against Mrs. Marshall but for the use in evidence of the letter alleged to be forged. The case evidently intended to be presented by the petition is one where, without negligence, laches or other fault upon the part of the petitioner, [respondent] has fraudulently obtained judgments which he seeks, against conscience, to enforce by execution." Id at 596, 12 S.Ct. At 64" 118 S.Ct. At 1867.

In the instant case, the judgment and orders, including the magistrate's reports and recommendations had been taken against Plaintiffs in the underlying anti-trust actions as a result of the alternative false statement in the anti-trust complaints which the defendants represented as true to the Plaintiffs and to the court, that stated that the denial to the state bar on a grading formula not approved by the state supreme court is a denial of the state supreme court.

### Magistrate's Violation of Mandatory Duty
### 7.

Plaintiff petitions for writ of mandamus against the magistrate on the following grounds and such process has not been exhausted:

The magistrate failed and refused to make proposed findings as to the statement in the anti-trust complaints that stated that the denial of admission to the Texas Bar on a grading formula not approved by the Texas Supreme Court is not that of the Texas Supreme Court and thus violates the federal anti-trust laws. Such failure and refusal violates the magistrate's mandatory duty to make proposed findings as to such language in the complaints for purposes of jurisdiction and for failure to state a claim. Such language in the complaints is material and is not patently without merit. In fact, the anti-trust complaints state a strong case, and such allegations have foundation in truth. Plaintiffs' legal rights have been ruthlessly violated.

6

The violation of the duty by the magistrate denied the Plaintiffs' rights of a day in court, due process and equal protection under the First and Fifth Amendments of the U.S Constitution.

28 U.S.C., §636(b)(1)(B), states in pertinent part:

a judge may also designate a magistrate to conduct hearings, including evidentiary hearing, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), . . . A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

Before deciding that there is no jurisdiction or whether the language in the complaint only attacks the state court judgment or fails to state a claim, the district court must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the federal anti-trust laws. "For to that extent "the party who brings a suit is master to decide what law he will rely upon, and . . . does determine whether he will bring a suit arising under the laws by his declarations or bill." Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); Fair v. Kohler & Speciality Co., 228 U.S. 22, at 25, 335 S.Ct. 410, 57 L.Ed. 716 (1913). P. 5, paragraph 8.1, of the First Amended Complaint, Perales v. Supreme Court et al, states: "The Defendant Justices denied the Plaintiff's 1991 application for admission based on the formula made by the Board and not approved by the Supreme Court." Clearly, the first amended complaint specifically stated that the denial of admission is not that of the Texas Supreme Court.

The All Writs Act, 28 U.S.C.§1651(a), provides: The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. United States v.

7

Christian, 660 F.2d 892 (1981) at 894. The U.S. Supreme Court in Roche v. Evaporated Milk Association, 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943), identified mandamus as the means "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id at 893. In Ex Parte Bradstreet, 32 U.S. (7 Pet.)634, 8 L.Ed.810 (1833), the district court had dismissed an action in which plaintiff had demanded the return of property, on the ground that the Plaintiff had not averred the pecuniary value of the land, and therefore failed to satisfy the $2,000 amount in controversy requirement. Because the action had already been dismissed, and there was accordingly no pending federal action, Plaintiff's petition to the Supreme Court for writ of mandamus did not fall within the tribunal's "potential" jurisdiction over a specific controversy. Nonetheless the court, in a brief opinion by Chief Justice Marshall issued the writ, directing the district court to reinstate the case. Id at 649, 8 L.Ed 810." Id at 895. Thus, this court has authority to reinstate the instant case and to compel the magistrate to make proposed findings of such language in the complaint.

The magistrate prevented a nascent controversy from being adjudicated and thereby defeated the district court's appellate review, when it failed and refused to make proposed findings as to such language in the anti-trust complaints. Where a magistrate obstinately refuses to adjudicate a matter or language in the complaint properly before it, the district court may issue the writ to correct "unauthorized action" of the magistrate obstructing the appeal of the report and recommendation. See Will v. Calvert Fire Ins. Co., 98 S.Ct. 2552 (1078) at 2559.

This court should issue a writ of mandamus in aid of this Court's jurisdiction, to compel

the magistrate to make proposed findings as to such language in the anti-trust complaints that stated that the denial of admission on a grading formula that was not approved by the Texas Supreme Court is not that of the Texas Supreme Court and to prevent the denial of the rights of a day in court, due process and equal protection under the First and Fifth Amendments of the U.S. Constitution.  In Re Judicial Misconduct, 700 F.2d 1391 (1983), is a case where a petition was filed to compel a magistrate to issue proposed findings.  In Re Judicial Misconduct, Id, stated that the procedure to compel the district judge to adjudicate a petition to compel a magistrate is discussed in Green v. Occidental Petroleum Corp., 541 F.2d 1335, 1338-9, in which the Court said:  "[W]e also note utility of mandamus as a tool to supervise the proper judicial administration in the district courts.  Green at page 1339. Id at 1392." When a judge fails or refuses to enter judgment in a particular case when the circumstances require that judgment be entered, a petition for mandamus under the All Writs Statute, 28 U.S.C. §1651(a), provides an adequate remedy.  In Re Charge of Judicial Misconduct, 593 F.2d 879 (1979); In Re Charge of Judicial Misconduct, 691 F.2d 924 (1982).

In a hearing on a motion to dismiss the Gonzalez' complaint, this plaintiff noted to the magistrate that the complaints made the statement that the denial is not that of the Texas Supreme Court on a grading formula not approved by the Texas Supreme Court.

> Mr. Perales: Both the Texas constitution and the state law requires that the Supreme Court make the ultimate decision to admit or deny including the grading formula for the bar examination.

> Mr. Perales: --and according to Hoover the same thing that the U.S. Supreme Court said that the state law required that the Supreme Court approve the grading formula.  Page 17, transcript, hearing on motion to dismiss and to strike, Gonzalez' case.

Mr. Perales: And when it's based on the grading formula that was not approved, then that decision is not made by the Supreme Court. It's made by the Board of Bar Examiners and that is not state action. Your Honor. Page 18.

Clearly, plaintiff noted to the magistrate the language in the complaints that stated that the denial is not that of the Texas Supreme Court. The magistrate nonetheless, failed and refused to make proposed findings as to report and entertain such language in the complaints. Such failure and refusal to make proposed findings as to such language violated the duty to make proposed findings as to such language before the dismissal of the anti-trust complaints for want of jurisdiction or for failure to state a claim.

Rule 8 states in pertinent part: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded. Rule 8(e) provides in pertinent part: (1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required. (2) A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds. All statements shall be made subject to the obligations set forth in Rule 11. Federal Rule of Civil Procedure, 8(f) provides in pertinent part: All pleadings shall be

10

so construed as to do substantial justice.  The statement in the anti-trust complaints that the denial of admission to the Texas Bar on a grading formula not approved by the Texas Supreme Court is not that of the Texas Supreme Court as a matter of law, met the requirement of the Rules on pleading and the magistrate must make proposed findings as to such language and construe such language as to do substantial justice

### Conclusion and Prayer
### 8.

The attorneys for the Defendants, and the individual defendants who are attorneys too and or state judges, are sworn to preserve the integrity of the system.  They misled and falsely stated to the court and to plaintiffs, which alternative statement was made in the complaint, that the denial of admission is that of the Texas Supreme Court on a grading formula not approved by the Texas Supreme Court.  Making such a false and misleading alternative statement to the plaintiffs and to the court is deplorable and a fraud on the court.  There should be a hearing into the attorneys for the defendants and the defendants, who made such false and misleading alternative statement; and for the failure of the magistrate to make proposed findings on the statement in the complaints that stated that the denial of admission to the Texas Bar is not that of the Texas Supreme Court on a grading formula not approved by the Texas Supreme Court. The attorneys and the magistrate took an oath to defend the Constitution and laws; instead they defiled such. The Perales' and Gonzalaz' anti-trust cases are "these cases of "injustices which, in certain instances, are deemed sufficiently gross to demand a departure "from rigid adherence to the doctrine of res judicata."  Hazel Atlas Glass Co., v. Hartford-Empire Co., 322 U.S. 238, 244, 64 S.Ct. 997, 1000, 88 L.Ed. 250 (1944)."

11

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully prays that the Court set aside the orders of dismissal, to re-instate the cases and to withdraw and to strike the alternative statement in the anti-trust complaints that the denial is that of the Texas Supreme Court and to withdraw and strike from the magistrate's reports and recommendations any reference to such alternative statement because such alternative statement is a false and misleading statement as a matter of law; and to issue a writ of mandamus to compel the magistrate to perform the mandatory duty to make proposed findings as to the language in the complaints that stated that the denial of admission to the Texas Bar is not that of the Texas Supreme Court on a grading formula not approved by the Texas Supreme Court as a matter of law, and thus, violates the Sherman Anti-Trust Act and for such other and further relief in connection therewith that is proper.

Respectfully submitted,

Roman Perales
P.O. Box 260616
Corpus Christi, Texas 78426-0616
(361) 944-2163

Plaintiff and Relator Pro Se

12

**VERIFICATION**

STATE OF TEXAS

COUNTY OF _Nueces_

      ROMAN PERALES, being first duly sworn says:

      The statements in the foregoing First Amended Complaint and Petition for Writ of Mandamus are true and correct to the best of my knowledge and the copies of the documents referred and attached hereto are true and correct copies of the originals filed with the federal district court in Perales v. Supreme Court of Texas et al, B-96-226 and Gonzalez et al v. Supreme Court of Texas et al, B-98-28.

                                     ROMAN PERALES

SUBSCRIBED and sworn to before me on the ___17th___ day of July 2003, to certify which witness my hand and official seal.

JACK PERALES
Notary Public
State of Texas
My Comm. Exp. 7-22-2006

Notary Public in and for the State of Texas

13

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent via regular United States mail on this the 18th day of July, 2003 as follows:

Honorable John William Black, Magistrate,
United States District Court for the Southern District of Texas,
600 E. Harrison Street,
Brownsville, Texas, 78520.

Greg Abbot, Attorney General of Texas
Peter J. Strelitz, Assistant Attorney General
General Litigation Division
P. O. Box 12548, Capitol Station
Austin, Texas 78711-2548

Noel Gonzalez
P.O. Box 1422
Rio Grande City, Texas 78582

Rudy Molina
2100 Jonquil
McAllen, Texas 78501

Enrique Mendiola
P.O. Box 6538
McAllen, Texas 78502

Hilario Acevedo, Jr.
719 Brazos Circle
Mission, Texas 78572

Robert H. Mendoza
Attorney at Law
P.O. Box 5566
Brownsville, Texas 78523
(956) 541-5494

Roman Perales

14

United States District Court
Southern District of Texas
RECEIVED

APR 0 9 1997

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROMAN PERALES,<br>　　　Plaintiff | § | |
| | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-96-226 |
| | § | |
| SUPREME COURT OF TEXAS, | § | |
| CHIEF JUSTICE THOMAS R. | § | |
| PHILLIPS; JUSTICES | § | J U R Y |
| RAUL A. GONZALEZ; | § | |
| NATHAN I. HECHT; | § | |
| JOHN CORNYN; CRAIG ENOCH; | § | |
| ROSE SPECTOR; PRISCILLA R. | § | |
| OWEN: JAMES A. BAKER; | § | |
| GREG ABBOTT; in their individual | § | |
| and official capacities; | § | |
| DAN MORALES, Attorney General | § | |
| of Texas, individually and in his | § | |
| official capacity; | § | |
| BOARD OF LAW | § | |
| EXAMINERS OF TEXAS; | § | |
| RACHAEL MARTIN, | § | |
| Executive Director of Texas Board | § | |
| of Law Examiners; WARLICK CARR, | § | |
| Chairman, Texas Board of Law | § | |
| Examiners; individually and in | § | |
| their official capacities | § | |
| 　　　Defendants | | |

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT,
PRELIMINARY AND PERMANENT INJUNCTION AND OTHER RELIEF**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES, ROMAN PERALES, hereafter called Plaintiff, complaining of the

SUPREME COURT OF TEXAS. THOMAS R. PHILLIPS, Chief Justice; Justices, Raul A.

1

Gonzalez, Nathan I. Hecht, John Cornyn, Craig Enoch, Rose Spector, Priscilla R. Owen, James A. Baker, Greg Abbott, individually and in their official capacities; Dan Morales, Attorney General of Texas, individually and in his official capacity, Board of Law Examiners of Texas; Rachael Martin, Executive Director of the Board of Law Examiners of Texas, individually and in her official capacity, Warlick Carr, Chairman of the Board of Law Examiners of Texas, individually and in his official capacity, their agents, servants, and/or employees, and all other persons acting in active concert with them or under their control and direction, hereinafter called Defendants, and for cause of action show the Court as follows:

<div align="center">Parties</div>

1. Named Plaintiff is **ROMAN PERALES**, a resident of the Southern District of Texas, and an applicant to the Bar of Texas. Named Plaintiff completed all the requirements of the State of Texas for admission to the Bar of Texas in 1991. Plaintiff's right to have his 1991 application for admission be governed by the rules approved by the Supreme Court is continuing to be denied by the continuing enforcement of the complained formula for the grading of the bar examination to the 1991 application for admission.

2. Defendants are:

(a) **THE SUPREME COURT OF TEXAS**, the highest Court for bar admission matters established by the Constitution of the State of Texas, by serving Thomas R. Phillips, the Chief Justice of said Court;

(b) **THOMAS R. PHILLIPS**, Chief Justice of the Supreme Court of Texas, individually, and in his official capacity,

(c) **RAUL A. GONZALEZ**, Justice of the Supreme Court of Texas, individually and in his official capacity;

(d) **NATHAN I. HECHT**, Justice of the Supreme Court of Texas, individually and in his official capacity;

<div align="center">2</div>

(e)  JOHN CORNYN, Justice of the Supreme Court of Texas, individually and in his official capacity;

(f)  CRAIG ENOCH, Justice of the Supreme Court of Texas, individually and in his official capacity;

(g)  ROSE SPECTOR, Justice of the Supreme Court of Texas, individually and in her official capacity;

(h)  PRISCILLA R. OWEN, Justice of the Supreme Court of Texas, individually and in her official capacity;

(i)  JAMES A. BAKER, Justice of the Supreme Court of Texas, individually and in his official capacity;

(j)  GREG ABBOTT, Justice of the Supreme Court of Texas, individually and in his official capacity;

(k)  DAN MORALES, Attorney General of Texas, individually and in his official capacity;

(l)  BOARD OF LAW EXAMINERS OF TEXAS, by serving Rachael Martin, Executive Director of said Board;

(l)  RACHEL MARTIN, Executive Director of the Board of Law Examiners of Texas, individually and in her official capacity;

(m)  WARLICK CARR, Chairman of the Board of Law Examiners of Texas, individually and in his official capacity;

their agents, servants, and/or employees, and all other persons acting in active concert with them or under their control and direction.  Plaintiff has furnish protest and notice of this action, and the grounds therefor, to the Defendants.

Jurisdiction and Venue

4.1 This action is brought pursuant to the Sherman Anti-Trust Act, §1 et seq., 15 U.S.C.. §1 et seq.

4.2 This Court has jurisdiction pursuant to 28 U.S.C. §1337.

5. There is no remedy, and not even a forum, under State law in State Courts, or judicial or administrative process to exhaust, because the State Judicial system, including the highest judicial body, is enforcing the grading or scoring system complained and made by the Board and not approved by the Supreme Court in these proceedings. Further the judiciary of the State of Texas, are the enforcers of the grading or scoring system complained, and are not disinterested parties.

6. This Court also has jurisdiction under 28 U.S.C. §2201, §2202, to declare the relief sought, because no plain, speedy and efficient remedy, or forum, may be had in the courts of this State, and this Court may enjoin and restrain the enforcement of the said procedure as to grading or scoring system made by the Board and not approved by the Supreme Court. In fact, much of the basic complaint in this action is that no provision is made for either a plain, speedy, or efficient remedy, or for any remedy at all, including a hearing or appeal thereof. There is no state forum to adjudicate per se anti trust violations as to the 1991 grading or scoring system complained.

7. This Court has venue under 15 U.S.C. §22, and as supplemented by 28 U.S.C. §§1391 and 1392, in that the Defendant Supreme Court of Texas has statewide jurisdiction, transacts business statewide, and the cause of action arose within the Southern District of Texas.

7.1 All Defendants have previously appeared on motion for temporary injunction by the Office of the Attorney General of Texas, Mr. James Pinson, and have been previously served, and no service of process is required in that they will receive a copy of First Amended Complaint by and through their attorney of record.

## Nature of the Case

8.1     This action concerns the continuing per se violation of the Sherman Act by the Defendants. The Defendant Justices denied the Plaintiff's 1991 application for admission based on the formula made by the Board and not approved by the Supreme Court. The decision of the Supreme Court to deny Plaintiff's 1991 application was based on the procedure made by the Board alone, without approval of the Supreme Court of Texas, as to the grading or scoring system for the bar examination. The action of the Board without approval by the Supreme Court as to the grading or scoring system and the continuing enforcement of it, constitute continuing per se violation of the Sherman Act.

8.2     The Texas Law requires that prior to the examination, the Supreme Court of Texas approve any procedure made by the Board before that procedure becomes effective.  Under the law, the Board only advises the Supreme Court of Texas as to the governing of admission to the Bar.  In 1994, the Supreme Court of Texas approved the grading or scoring system recommended by the Board as to prospective bar examinations.

8.3     While the Supreme Court of Texas in 1994 approved the formula, it continues to, intentionally and with knowledge, to deny Plaintiff's 1991 application for admission based on the procedure made by the Board alone.  The Supreme Court's denial of Plaintiff's 1991 application is based on the procedure made by the Board alone, that is not state sovereign action as a matter of law and violates per se Sherman Anti-Trust Act.

8.4 The formula made by the Board and not approved by the Supreme Court was enforced on the 1974 to 1994 applications for admission.  Presently, the formula complained continues to be enforced on the 1974 to 1994 applications for admission and the applications for 1974 to 1994 continue to be denied on the basis of the formula made by the Board and not approved by the Supreme Court.

8.5     Plaintiff claims the procedure as to grading or scoring system made by the Board and not

5

approved by the Supreme Court, jointly, Defendants Court and Board and their Chief Officers and others continue to violate per se the Sherman Antitrust laws by unlawfully reducing the number of attorneys to practice law. Specifically, this action complains of the procedure, as to grading or scoring system made by the Board and not approved by the Supreme Court, both as enacted by the Board alone and as enforced by the Supreme Court, and in continuing to deny Plaintiff's right to have his 1991 application for admission be governed by the rules approved by the Supreme Court.

Facts

9.    That the formula for the 1991 bar examination and for the 1974 to 1994 bar examinations, was not approved by the Supreme Court is undisputed. In 1991, Plaintiff Roman Perales, a bar applicant, met all the requirements of the State of Texas for admission to the Bar of Texas. There was however one obstacle for admission to the Bar. The Board of Law Examiners made and applied a procedure as to grading or scoring system for the bar examination without approval of the Texas Supreme Court. The Texas Supreme Court denied and continues to deny Plaintiff's right to have his 1991 application for admission be governed by the rules approved by the Supreme Court. Based on the said procedure for the bar examination, and denial of the right to be governed by rules approved by the Supreme Court, Plaintiff scored 74.29 on his bar exam in 1991 and missed the passing score by one-fifth of a point, where the Supreme Court admitted applicants with a score 74.50 or higher.

10.    While the Supreme Court set the passing score for the entire bar exam at 75 from 1974 to 1994, it did not establish a scoring system for the bar examination or set the passing score for the multistate bar exam. In 1994, the Supreme Court approved the procedure as to the scoring system for the bar examination and the passing score for the multistate bar exam recommended by the Board.

11.    The following are the Texas Constitutional provisions and civil statutes relating to

admission to the Bar. The Texas Constitution vests authority in the Supreme Court to determine who should be admitted to practice law in the State. Vernon's Ann. Texas Const. Art. 2, §1; The Texas Legislature established the Board of Law Examiners. Under Texas law, The Supreme Court's rulemaking power is exclusive and not subject to the approval of the state bar. Tex. Gov't Code Ann. §81.061 (West 1988). The Texas Supreme Court has exclusive authority to grant licenses for the practice of law, Sec. 82.021, Supreme Court authority. The Supreme Court is also authorized to adopt rules on eligibility for examination for a license to practice law and on the manner in which the examination is conducted. The rules include the legal topics to be covered by the course of study and by the examination; and the manner of conducting the examination; and the grades necessary for licensing, Government Code-Title 2 Judicial Branch, Chapter 82. Licensing of Attorneys, Subchapter B. Licensing of Attorneys, Sec. 82.022, (2), (4). The Supreme Court shall adopt rules necessary to administer its functions and to govern the administration of the Board of Law Examiners' function relating to the licensing of lawyers. Sec. 82.022, (6)(b).

12.    The Board of Law Examiners acts under instructions of the Supreme Court and shall determine the eligibility of candidates for examination for a license to practice law in this state. Sec. 82.004(a). Board Duties. The board shall examine each eligible candidate as to the candidate's qualifications to practice law. Government Code-Title 2 Judicial Branch, Chapter 82. Licensing of Attorneys, Subchapter A. Board of Law Examiners. Sec. 82.004(b). Under the law, the Applicants for admission have the right to be governed by the rules approved by the Supreme Court.

13.    In discharging its responsibilities under the above statute and prior statutes, the Texas Supreme Court has adopted and published a compilation of rules. The rules in effect in 1991, required a passing score of 75. However, the rules provided no grading or scoring system for the bar examination. See. Tex. R. Governing Admission VII(e) (1991 & 1992). In 1991 and 1992,

7

the description of the bar examination was located in Rules Governing Admission to the Bar VII(e). Amendments in 1993 and adopted by the Supreme Court in 1994, renumbered this rule as Rule XI(e). The 1994 amendments to Rule XI(e) specifically call for the procedure as to the administration of the MBE and for the grading or scoring system. The scoring system for the bar examination now requires a combined score of 675 out of 1000 to pass. The scoring system fixed the passing score for the MBE at 135.

14.    The Board and the Supreme Court contended and the state court held, in a suit against the Supreme Court of Texas and the Board of Law Examiners and others, that Rule XX(d) and (e) of the Rules governing admission, prompted or authorized the Board alone to make the procedure as to the grading or scoring system for the bar examination. Rule XX(d) of the Organizational and Miscellaneous powers of the Board provides that:  Insofar as may be consistent with these Rules, the Board is authorized to make all reasonable regulations, including written interpretations of general application with respect to these Rules or provisions of general application for relevant subjects not covered by these Rules. The Board may also prescribe forms and certificates to be executed by Applicants for admission to the Texas Bar, whether for a first license or as a practicing attorney of another jurisdiction, or certificates or other forms to be executed by or on behalf of the Board itself. Rule XX(e), provides that the Board is given discretion in the interpretation and application of these Rules. For good cause shown to the satisfaction of the Board, upon written request, waivers of specific requirements described in these Rules may be granted, unless it appears therefrom that no exceptions are contemplated by the Supreme Court.

15.    A rejected applicant is not entitled under the Rules to seek in the District Court or in the Supreme Court individualized review of an adverse recommendation of the Board and denial of admission by the Supreme Court based on the subject procedure.

16.    Perales filed the petition for injunctive and declaratory relief and damages, in the state district court on July 1993, inter alia, to review the procedure complained as to the violation of

state law in the enactment and enforcement of the subject procedure. In particular, he alleged that the procedure as to grading or scoring system was in violation of state law because the Supreme Court did not approved the procedure made by the Board alone, which under the law required approval before it was effective. He further alleged among other claims, that the illegal conduct deprived him of due process and equal protection as to his right to have the 1991 application for admission be governed by rules approved by the Supreme Court. On March 1994, the state district court denied his petition. On May 1995, the state court of appeals affirmed, holding that the Board alone has authority to fix the grading formula for the bar examination. On August 1995, Perales then petitioned the Supreme Court to stop enforcement of the subject procedure made by the Board and not approved by the Supreme Court and to review the decisions of the lower state courts as to the subject 1991 procedure or formula. He alleged that the Board's conduct with respect to the said 1991 procedure violated state law and the subject procedure is void; and further alleged that the orders of the lower state courts are void thereby the state court denied him due process, equal protection and access to courts for consideration of his petition on the basis of fact that the subject formula made by the Board and not approved by the Supreme failed to comply with the law as a matter of law. Ten months later, on June 28, 1996, the Supreme Court denied his petition; and approximately five more months later, on November 15, 1996, the Supreme Court denied the subsequent motion for rehearing and supplement. Application for writ of error to the court of appeals was filed on November 12, 1996 in the Third Court of Appeals in Austin. The Supreme Court on February 21, 1997, dismissed the application for writ of error for want of jurisdiction.

<div align="center">Cause of Action</div>

17.    The procedure complained as to grading or scoring system made by the Board alone and not adopted by the Supreme Court is a violaton of state law and is not state or sovereign action as a matter of law. The Supreme Court denied Plaintiff's 1991 application for admission on the sole

<div align="center">9</div>

basis of the said procedure that is not state or sovereign action, and illegally reduced the number of attorneys to the practice of law, a per se violation of §1 of the Sherman Anti-Trust Act, 26 Stat. 209, 15 U.S.C. §1. Goldfarb v. State Bar of Virginia, 421 U.S. 773, 790, 95 S.Ct. 2004, 2014, 44 L.Ed. 2d 572 (1975). The aforesaid unlawful per se non sovereign state action, as to the grading formula made in 1991 by the Board and not approved by the Supreme Court was intended to and did result in a restaint of trade and commerce among the several states by intentionally and unlawfully reducing the numbers of competing attorneys in the State of Texas; and in further consequence of said intentional and unlawful conduct, Plaintiff was among those intentionally and unlawfully denied his right to have his application be governed by the rules approved the supreme court and thus prevented in 1991 from entering into competition as an attorney in the State of Texas and thereby further intentionally and unlawfully deprived of the right to compete as an attorney for the legal business deriving from or involving the Several States of the United States, including Texas.

As a direct and proximate result of defendants' acts alleged above, Plaintiff has been illegally denied the right to have is application for admission be governed by the rules approved by the Supreme Court. Under 15 U.S.C. Section 15, Plaintiff is entitled to recover from each of the Defendants, jointly and severally, threefold such damages sustained as well as future damages and the cost of suit, including reasonable attorneys' fees.

As a result, the public has been deprived of free and open competition in the foregoing trade and commerce. The defendants' actions have harmed and threaten to harm the general public by interfering with the orderly practice of law in the state by reducing the number of lawyers practicing in the State, and by depriving clients of the quality of legal care they would receive but for Defendants' actions against Plaintiff.

18.    Notice of Intent to Request a Restraining Order of the procedure complained made by the

10

Board and not approved by the Supreme Court has been delivered to the Supreme Court of Texas and to the Attorney General of Texas.

## REQUEST FOR INJUNCTIVE RELIEF

19. A temporary restraining order and preliminary injunction are requested because (a) the actions of the Defendants with respect to the 1991 procedure complained are not state or sovereign action as a matter of law and violate per se the Sherman Act; (b) an irreparable injury will result to Plaintiff, if the actions of Defendants are not enjoined in that Plaintiff is being illegaly denied the right to have his application for admission be governed by the rules approved by the Supreme Court; (b) there is no other adequate remedy at law available to Plaintiff to redress the conduct of Defendants; and (c) the Plaintiff has a reasonable possibility of prevailing on the merits of his claims. Plaintiff has suffered and will continue to suffer extensive damages in the denial of his right to have his application for admission be governed by the rules approved by the supreme court, unless defendants are restrained.

20. Plaintiff alleges that there is no damage or loss to the Defendants for which bond would be necessary to protect. The Defendants should not reasonably be expected to incur any court costs or chargeable costs in this matter. Therefore, Plaintiff requests the Court to set a minimal bond signed by individual sureties.

21. Defendants appeared, participated and orally opposed, by and through James Pinson of the office of the Attorney General on December 11, 1996 on a hearing for temporary restraining order and/or preliminary injunction. The case was referred to and heard by the Honorable John William Black, Magistrate. As of the filing of the First Amended Complaint, the Magistrate has not filed with the court a written recommendation to grant or deny the relief requested.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein, and that the Court:

(1) issue a temporary restraining order at once and a preliminary injunction, pursuant to Sherman Anti-Trust Act and Rule 65 of the Federal Rules of Civil Procedure, ordering and enjoining the Defendant Supreme Court, and individual Defendants, in their individual and official capacities, their agents, servants, and/or employees, and all other persons acting in active concert with them or under their control and direction, to refrain immediately, and pending further hearings and determination of this action, from:

(a) enforcement of the grading system complained that was not approved by the Supreme Court;

(b) denying Plaintiff's right to have his 1991 application for admission be governed by the rules approved by the Supreme Court;

(c) taking any actions under the subject 1991 procedure;

(2) issue order directing the Supreme Court of Texas to immediately and without delay to apply only the rules approved by the Supreme Court to Plaintiff's 1991 application for admission.

(3) upon final hearing, issue a permanent injunction perpetually enjoining Defendants, their agents, servants, and/or employees and all persons acting in active concert with them or under their control and direction, from committing the conduct complained of herein, to wit: enforcement of the formula complained and not approved by the supreme court; and illegally denying Plaintiff's right to have his 1991 application for admission be governed by the rules approved by the Supreme Court ;

(4) declare that the complained formula made by the board and not approved by the Supreme Court is void:

12

(5) direct the Supreme Court of Texas to apply the rules approved by Supreme Court to Plaintiff's 1991 application for admission;

(6) declare that the said procedure is in violaion of state law and not state or sovereign action as a matter of law, and violated per se the Sherman Act;

(7) award Plaintiff damages and costs;

(8) award treble damages;

(9) award the plaintiff his costs and expenses of this litigation including reasonable attorneys' fees;

(10) order such other and further relief as is necessary to effectuate the foregoing and to which Plaintiff, may be justly entitled.

Respectfully submitted,

ROMAN PERALES
Pro Se
McKenzie, 4418
Brownsville, Texas 78523
(210) 541-3848

Robert H. Mendoza
3505 Boca Chica, Suite 162
P. O. Box 5566
Brownsville, Texas  78523
(210) 541-3848
Federal  I.D.  11418
Attorney for Plaintiff

OF COUNSEL:
CESAR A. AMADOR

## Jury Demand

Plaintiff respectfully requests that all issues of fact, save those expressly reserved by law for the Court, be determined by a jury.

## VERIFICATION

STATE OF TEXAS       §
                              §
COUNTY OF CAMERON  §

       Before me, the undersigned Notary Public, on this day personally appeared ROMAN PERALES, who being by me duly sworn upon his oath deposed and said that he is the Plaintiff in the above-entitled and numbered cause; that he has read the above and foregoing Plaintiff's Amended Complaint; and that every statement contained therein is within his personal knowledge and true and correct.

ROMAN PERALES

       SUBSCRIBED and sworn to before me on the ___8th day of April 1997, to certify which witness my hand and official seal.

Notary Public in and for
the State of Texas
EXP · 03 - 10 - 2001

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing verified First Amended Complaint, First Amended Motion for Temporary Restraining Order and/or Temporary Injunction and affidavit was forwarded by United States first-class mail, postage-prepaid, on this the ___9___th day of April, 1997 to the following:

Attorney for Defendants:
Honorable Dan Morales
Attorney General of Texas

James Pinson
Office of the Attorney General
Tom Clark Building
205 West 14th Street
P.O. Box 12548
Austin, Texas  78711-2548

_____
ROBERTO MENDOZA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROMAN PERALES, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-96-226 |
| | § | |
| SUPREME COURT OF TEXAS CHIEF JUSTICE | § | |
| THOMAS R. Phillips, et al., | § | |
| | § | |
| *Defendants.* | § | |

**STATE DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT**

TO THE HONORABLE COURT:

Supreme Court of Texas Chief Justice Thomas R. Phillips. Justices Raul A. Gonzalez,
Nathan L. Hecht, John Cornyn. Craig Enoch, Rose Spector, Priscilla R. Owen, James A. Baker, Greg
Abbott, Dan Morales, Board of Law Examiners of Texas, Rachael Martin and Warlick Carr,
hereinafter collectively Defendants, hereby move for dismissal of this action. In support of their
motion, Defendants show the Court the following:

**I.**
**Factual Background**

Plaintiff Roman Perales failed the Texas Bar Exam in February 1989, July 1989, and July
1990. In July 1991, he passed Part II of the exam but failed Part I. In July 1992, he again failed Part
II. Then, on June 4, 1993, Plaintiff began his crusade to browbeat the legal system into giving him
a law license. For four years, Plaintiff has pursued his claims through the State Court system.
Plaintiff has now duly litigated his dissatisfaction with the Supreme Court and the Board of Law
Examiners before the Travis County District Courts, the Third Court of Appeals and the Texas
Supreme Court. Plaintiffs claim, through his four year state court battle, was, primarily, that his

inability to pass the bar stems from a change in the calculation of the Multistate Bar Examination score. This change was made in a July, 1991 Board of Law Examiners meeting. Throughout the Plaintiff's state court pleadings, Plaintiff asked the various courts to enjoin the application of the changed MBE score and to enter a passing score for the Plaintiff. On March 28, 1994, after a trial on the merits, the trial court denied Plaintiff's requests for injunctive and declaratory relief. That finding was affirmed by the Third Court of Appeals on May 17, 1995. Plaintiff has filed an avalanche of motions before the Supreme Court of Texas, between August 29, 1995 and March 11, 1996. Included have been a Motion for Leave to File a Petition for Writ of Mandamus, a Motion for Extension of Time to File a Petition for Writ of Error, A Motion for Emergency Temporary Injunctive Relief and a First Amended Motion for Leave to File Amended Petition for Writ of Mandamus and Writ of Prohibition. These motions were overruled by the Court on June 28, 1996. Plaintiff's Motion for Rehearing of Motion for Leave to File Petition for Writ of Mandamus, as supplemented, Plaintiff's Motion to Recuse and Plaintiff's Motion to Issue License were overruled on November 15, 1996.


## II.
### Brief in Support

A.    **Plaintiff's claims should be dismissed under the *Rooker-Feldman* Doctrine.**

Plaintiff in actuality is seeking to collaterally attack an order rendered in a state court proceeding by claiming, at this late date and after exhausting all State Court remedies, that there is not an adequate State Court forum for his complaints. This Court lacks appellate jurisdiction over state court proceedings under the *Rooker-Feldman* doctrine, and Plaintiff's request for relief should

be dismissed. Although Plaintiff's complaint seeks redress for alleged anti-trust violations, the essential relief sought is review of the state court's orders against Plaintiff.

Plaintiff's allegations regarding anti-trust violations stem from alleged defects in the procedure and rulings in the Texas courts. Such claims are properly reviewed in the state judicial system, not in a federal district court. As the Fifth Circuit has stated, "judicial errors committed in the state courts are for correction in the state court system, at the head of which stands the United States Supreme Court; such errors are no business of ours." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986).

Under the *Rooker-Feldman* doctrine, this Court has no appellate jurisdiction over the questioned state court proceedings. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

This is the relief that the Plaintiff seeks in the present case. Plaintiff is improperly seeking an appellate review by this Court in an attempt to have this Court reverse the rulings in the Texas state court civil action rendered against Plaintiff. To circumvent dismissal, Plaintiff has attempted to camouflage this improper action by couching its allegations in terms of antitrust violations that are clearly based upon the decisions rendered by the Texas state court. This Court does not have jurisdiction over this action and should therefore dismiss Plaintiff's suit.


WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff's suit be dismissed and that Plaintiff takes nothing by his suit and that all costs be taxed against Plaintiff;

Defendant further prays that the Court grant Defendant whatever and other further relief to which they may show themselves to be justly entitled both in law and in equity.

Respectfully submitted,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

LAQUITA A. HAMILTON
Deputy Attorney General for Litigation

TONI HUNTER, Chief
General Litigation Division

ALLISON H. ECCLES
Assistant Attorney General
Texas Bar No. 00785834
Attorney in Charge
Southern District # 19416
P. 0. Box 12548, Capitol Station
Austin, Texas 78711
Phone (512) 463-2120 / Fax (512) 320-0667

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent by U.S. Mail on April 14, 1997 to:

Robert H. Mendoza                    Roman Perales, Pro Se
P.O. Box 5566                        1403 Lawson
Brownsville, Tx. 78523               Houston, Texas 77023

ALLISON H. ECCLES

United States District Court
Southern District of Texas
FILED

APR 2 8 1997

Michael N. Milby, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

ROMAN PERALES,                            §
                                          §
VS.                                       §          CIVIL ACTION NO. B-96-226
                                          §
SUPREME COURT OF TEXAS                    §
CHIEF JUSTICE THOMAS R. PHILLIPS,         §
ET AL.                                    §

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Roman Perales ("Perales") has failed the Texas Bar Examination three times coming

heartbreakingly close once.  Since 1993, he has been engaged in litigation in the Texas state

courts with the Texas Supreme Court and the Board of Bar Examiners.  He has been unsuccessful

in pressing his argument that the Board of Bar Examiners improperly changed the method of

scoring the Multistate Bar Examination in 1991, and did not get that decision notified by the

Supreme Court.

On December 5, 1996, Perales filed this suit against the Texas Supreme Court, the

individual justices of that court, the Attorney General of Texas, the Board of Bar Examiners, its

Executive Director and its Chairman.

## PERALES' CLAIMS

Perales claims that the defendants violated the Sherman Anti-Trust Act 15 U.S.C. § 1 *seq.*

The factual predicate of this claim is that under Texas law the function of the Board of Bar

Examiners is to advise the Texas Supreme Court which has the authority to set standards for the

1

Bar Examination. According to Perales and not denied by the State defendants, the Board of Bar Examiners did not get approval from the Supreme Court for the formula used in 1991 to determine whether or not someone had passed the Exam.

Perales argues that he is entitled to an injunction and a declaratory judgment declaring the 1991 Bar Examinations void.

## THE STATE'S RESPONSE

The State has filed a Motion to Dismiss arguing that this court has no jurisdiction over Perales' claims which are in effect a collateral attack on a state court judgment. The State cites *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983) for this proposition.

## RECOMMENDATION

*Hoover v. Ronwin,* 466 U.S. 558 (1983) involved a fact situation virtually identical to Perales. Ronwin sued to gain admission to the Arizona Bar, claiming that the grading procedure in Arizona was a violation of the Sherman Act, because it was aimed at restricting the number of lawyers in the state. Arizona's procedures are identical to Texas' *i.e.* the Supreme Court has authority to admit to the Bar. The Court delegated the power to examine applicants to a Committee which established a grading formula which was submitted for approval to the Supreme Court.

In the *Hoover* case, the U. S. Supreme Court held that since this procedure gives ultimate authority for admission to the Bar to the Arizona Supreme Court, it is a state action and thus exempt from the application of the federal anti-trust laws under the state action doctrine *Parker v.*

2

*Brown*, 317 U.S. 341 (1943).

Perales attempts to distinguish *Hoover* from his case by arguing that the Texas Board of

Bar Examiners did not submit the grading formula to the Texas Supreme Court in 1991. He

argues that this administrative lapse permits the application of the Sherman Act to his claims.

In their Motion to Dismiss, the State defendants do not address this point. Their Motion is

limited to the claim that this court has no jurisdiction. This position is best stated by the Fifth

Circuit in *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986):

> Judicial errors committed in state courts are for correction in
> the state court systems, at the head of which stands the United
> States Supreme Court; such errors are no business of ours.

Perales attempts to clothe his complaints about the administration of the Texas Bar

Examination in the garb of an anti-trust suit when in reality it is a complaint about the way he was

treated in the Texas judicial system. This is "...no business of ours."

IT IS THEREFORE RECOMMENDED  that this case be **DISMISSED** for want of

jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions,

and recommendation in a magistrate judge's report and recommendation within 10 days after

being served with a copy shall bar that party. except upon grounds of plain error, from attacking

on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the

district court, provided that the party has been served with notice that such consequences will

result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415

(5th Cir. 1996).

DONE at Brownsville, Texas, this 28th day of April, 1997.

John Wm. Black
United States Magistrate Judge

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk
By
                    Deputy Clerk

4

United States District Court
Southern District of Texas
FILED

MAY 2 1 1997

Michael N. Milby, Clerk

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROMAN PERALES, | § | |
|    Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CV-B-96-226 |
| SUPREME COURT OF TEXAS, | § | |
|    CHIEF JUSTICE THOMAS R. PHILLIPS, | § | |
|    et al., Defendants. | § | |

## ORDER OF DISMISSAL

Before the Court is the Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a *de novo* review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation of April 28, 1997, should be Adopted.

Accordingly, it is hereby **ORDERED, ADJUDGED,** and **DECREED,** that the above-referenced Report and Recommendation should be and is hereby fully **Adopted** and the case is **Dismissed with Prejudice.**

**SO ORDERED.**

DONE at Brownsville, Texas this 21st th day of May, 1997.

**FILEMON B. VELA**
United States District Judge

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk of Court
By _____
                   Deputy Clerk

C:\WPTEXT\CIVIL\ORDERS CIV\DISMISS1.ORD

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 3 1998

Michael N. Milby, Clerk of Court

| | |
|---|---|
| NOEL GONZALEZ, RUDY MOLINA | § |
| ENRIQUE MENDIOLA, | § |
| HILARIO ACEVEDO, | § |
|     Plaintiffs | § |
| | § |
| | § |
| | § |
| | § |
| vs. | § |
| | § |
| SUPREME COURT OF TEXAS, | § |
| CHIEF JUSTICE THOMAS R. | § |
| PHILLIPS; JUSTICES | § |
| RAUL A. GONZALEZ; | § |
| NATHAN I. HECHT; | § |
| DEBORAH G. HANKINSON; | § |
| CRAIG ENOCH;ROSE SPECTOR; | § |
| PRISCILLA R.OWEN; | § |
| JAMES A. BAKER; GREG ABBOTT; | § |
|  in their individual and official capacities; | § |
| DAN MORALES, Attorney General | § |
| of Texas, individually and in his | § |
| official capacity; | § |
| BOARD OF LAW | § |
| EXAMINERS OF TEXAS; | § |
| RACHAEL MARTIN, | § |
| Executive Director of Texas Board | § |
| of Law Examiners; ROBERT ROLLER, | § |
| Chairman, Texas Board of Law | § |
| Examiners; individually and in | § |
| their official capacities | § |
|     Defendants | |

CIVIL ACTION NO. B-98-28

J U R Y

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

    NOW COMES, NOEL GONZALEZ, RUDY MOLINA, ENRIQUE MENDIOLA, and

HILARIO ACEVEDO, hereafter called Plaintiffs, complaining of the SUPREME COURT OF TEXAS, THOMAS R. PHILLIPS, Chief Justice; Justices, Raul A. Gonzalez, Nathan I. Hecht, Deborah G. Hankinson, Craig Enoch, Rose Spector, Priscilla R. Owen, James A. Baker, Greg Abbott, individually and in their official capacities; Dan Morales, Attorney General of Texas, individually and in his official capacity, Board of Law Examiners of Texas; Rachael Martin, Executive Director of the Board of Law Examiners of Texas, individually and in her official capacity, Robert Roller, Chairman of the Board of Law Examiners of Texas, individually and in his official capacity, their agents, servants, and/or employees, and all other persons acting in active concert with them or under their control and direction, hereinafter called Defendants, and for cause of action show the Court as follows:

<p align="center">Parties</p>

1. Plaintiffs, NOEL GONZALEZ, RUDY MOLINA, ENRIQUE MENDIOLA, and HILARIO ACEVEDO, are applicants to the Bar of Texas.

2. Defendants are:

(a) THE SUPREME COURT OF TEXAS, the highest Court for bar admission matters established by the Constitution of the State of Texas, by serving Thomas R. Phillips, the Chief Justice of said Court;

(b) THOMAS R. PHILLIPS, Chief Justice of the Supreme Court of Texas, individually, and in his official capacity,

(c) RAUL A. GONZALEZ, Justice of the Supreme Court of Texas, individually and in his official capacity;

(d) NATHAN I. HECHT, Justice of the Supreme Court of Texas, individually and in his official capacity;

(e) DEBORAH G. HANKINSON, Justice of the Supreme Court of Texas, individually and in his official capacity;

<p align="center">2</p>

(f)  CRAIG ENOCH, Justice of the Supreme Court of Texas, individually and in his official capacity;

(g)  ROSE SPECTOR, Justice of the Supreme Court of Texas, individually and in her official capacity;

(h)  PRISCILLA R. OWEN, Justice of the Supreme Court of Texas, individually and in her official capacity;

(i)  JAMES A. BAKER, Justice of the Supreme Court of Texas, individually and in his official capacity;

(j)  GREG ABBOTT, Justice of the Supreme Court of Texas, individually and in his official capacity;

(k)  DAN MORALES, Attorney General of Texas, individually and in his official capacity;

(l)  BOARD OF LAW EXAMINERS OF TEXAS, by serving Rachael Martin, Executive Director of said Board;

(l)  RACHEL MARTIN, Executive Director of the Board of Law Examiners of Texas, individually and in her official capacity;

(m)  ROBERT ROLLER, Chairman of the Board of Law Examiners of Texas, individually and in his official capacity;

their agents, servants, and/or employees, and all other persons acting in active concert with them or under their control and direction.  Plaintiffs have furnished protest and notice of this action, and the grounds therefor, to the Defendants.

<p align="center">Jurisdiction and Venue</p>

3.1  This action is brought pursuant to the Sherman Anti-Trust Act, §1 et seq., 15 U.S.C.. §1 et seq.

3.2  This Court has jurisdiction pursuant to 28 U.S.C. §1337.

<p align="center">3</p>

4. This Court has venue under 15 U.S.C. §22, and as supplemented by 28 U.S.C. §§1391 and 1392, in that the Defendant Supreme Court of Texas has statewide jurisdiction, transacts business statewide, and the cause of action arose within the Southern District of Texas.

<div align="center">Nature of the Case</div>

5.1    This action is instituted to recover damages for and to obtain injunctive relief from injury by the Defendants to the business and property of Plaintiffs sustained by reason of violation, by Defendants, as hereinafter alleged of the Sherman Antitrust Act.

5.2    The Texas Law requires that prior to the bar examination, the Supreme Court of Texas approve any procedure made by the Board of Law Examiners before that procedure becomes effective. Under the law, the Board of Law Examiners only advises the Supreme Court of Texas as to the governing of admission to the Bar. In 1994, the Supreme Court of Texas approved the grading or scoring system recommended by the Board as to prospective bar examinations.

5.3    While the Supreme Court of Texas in 1994 approved the formula, it continues to, intentionally and with knowledge, to deny Plaintiffs' application for admission based on the procedure made by the Board of Law Examiners alone. The Supreme Court's denial of Plaintiffs' application is based on the procedure made by the Board of Law Examiners alone, that is not action of the state acting as a sovereign as a matter of law and violates per se Sherman Anti-Trust Act.

5.4 The formula made by the Board of Law Examiners and not approved by the Supreme Court was enforced on the 1974 to 1993 applications for admission. Presently, the formula complained continues to be enforced on the 1974 to 1993 applications for admission and the applications for 1974 to 1993 continue to be denied on the basis of the formula made by the Board of Law Examiners.

5.5    Plaintiffs claim the procedure as to grading or scoring system made by the Board of Law Examiners and not approved by the Supreme Court, jointly, Defendants Court and Board of Law

<div align="center">4</div>

Examiners and their Chief Officers and others continue to violate per se the Sherman Antitrust laws by unlawfully reducing the number of attorneys to practice law. Specifically, this action complains of the procedure, as to the grading or scoring system made by the Board of Law Examiners and not approved by the Supreme Court, both as enacted by the Board of Law Examiners alone and as enforced by the Supreme Court, and in continuing to deny Plaintiffs' rights to have the application for admission be governed by the rules approved by the Supreme Court acting in a legislative capacity.

<center>Facts</center>

6.      That the formula for the 1974 to 1993 bar examinations, was not approved by the Supreme Court is undisputed. From 1974 to 1993, The Board of Law Examiners made and applied a procedure as to grading or scoring system for the bar examination without approval of the Texas Supreme Court. The Texas Supreme Court denied and continues to deny Plaintiffs' rights to have application for admission be governed by the rules approved by the Supreme Court acting in a legislative capacity. Based on the said procedure for the bar examination which is a violation of the Sherman Act, Plaintiffs are being denied the right to be governed by rules approved by the Supreme Court and are being denied admission to the Bar.

7.      While the Supreme Court set the passing score for the entire bar exam at 75 from 1974 to 1993, it did not establish a scoring system for the bar examination or set the passing score for the multistate bar exam. In 1994, the Supreme Court approved the procedure as to the scoring system for the bar examination and the passing score for the multistate bar exam recommended by the Board of Law Examiners.

8.      The following are the Texas Constitutional provisions and civil statutes relating to admission to the Bar. The Texas Constitution vests authority in the Supreme Court to determine who should be admitted to practice law in the State. Vernon's Ann. Texas Const. Art. 2, §1; The Texas Legislature established the Board of Law Examiners. Under Texas law, The Supreme

<center>5</center>

Court's rulemaking power is exclusive and not subject to the approval of the state bar. Tex. Gov't Code Ann. §81.061 (West 1988). The Texas Supreme Court has exclusive authority to grant licenses for the practice of law, Sec. 82.021, Supreme Court authority. The Supreme Court is also authorized to adopt rules on eligibility for examination for a license to practice law and on the manner in which the examination is conducted. The rules include the legal topics to be covered by the course of study and by the examination; and the manner of conducting the examination; and the grades necessary for licensing, Government Code-Title 2 Judicial Branch, Chapter 82. Licensing of Attorneys, Subchapter B. Licensing of Attorneys, Sec. 82.022, (2), (4). The Supreme Court shall adopt rules necessary to administer its functions and to govern the administration of the Board of Law Examiners' function relating to the licensing of lawyers. Sec. 82.022, (6)(b).

9.     The Board of Law Examiners acts under instructions of the Supreme Court and shall determine the eligibility of candidates for examination for a license to practice law in this state. Sec. 82.004(a). Board Duties. The board shall examine each eligible candidate as to the candidate's qualifications to practice law. Government Code-Title 2 Judicial Branch, Chapter 82. Licensing of Attorneys, Subchapter A. Board of Law Examiners. Sec. 82.004(b). Under the law, the Applicants for admission have the right to be governed by the rules approved by the Supreme Court.

10.     In discharging its responsibilities under the above statute and prior statutes, the Texas Supreme Court has adopted and published a compilation of rules. The rules in effect in 1991, required a passing score of 75. However, the rules provided no grading or scoring system for the bar examination. See. Tex. R. Governing Admission VII(e) (1991 & 1992). In 1991 and 1992, the description of the bar examination was located in Rules Governing Admission to the Bar VII(e). Amendments in 1993 and adopted by the Supreme Court in 1994, renumbered this rule as Rule XI(e). The 1994 amendments to Rule XI(e) specifically call for the procedure as to the

6

administration of the MBE and for the grading or scoring system. The scoring system for the bar examination now requires a combined score of 675 out of 1000 to pass. The scoring system fixed the passing score for the MBE at 135.

<div align="center">Cause of Action</div>

11.    The procedure complained as to grading or scoring system made by the Board alone and not adopted by the Supreme Court from 1974 to 1993, is a violation of state law and is not action of the state acting as a sovereign as a matter of law. The Supreme Court denied Plaintiffs' application for admission on the sole basis of the said procedure that is not action of the state acting as a sovereign, and illegally reduced the number of attorneys to the practice of law, a per se violation of §1 of the Sherman Anti-Trust Act, 26 Stat. 209, 15 U.S.C. §1. Goldfarb v. State Bar of Virginia, 421 U.S. 773, 790, 95 S.Ct. 2004, 2014, 44 L.Ed. 2d 572 (1975). The aforesaid conduct that is not action of the state acting as a sovereign, as to the grading formula made in 1974 to 1993 by the Board and not approved by the Supreme Court was intended to and did result in a restraint of trade and commerce among the several states by intentionally and unlawfully reducing the numbers of competing attorneys in the State of Texas; and in further consequence of said intentional and unlawful conduct, Plaintiffs were among those intentionally and unlawfully denied their rights to have the application for admission be governed by the rules approved by the Supreme Court acting in a legislative capacity and thus prevented from entering into competition as attorneys in the State of Texas and thereby further intentionally and unlawfully deprived of the rights to compete as attorneys for the legal business deriving from or involving the Several States of the United States, including Texas.

    As a direct and proximate result of defendants' acts alleged above, Plaintiffs have been illegally denied the rights to have application for admission be governed by the rules approved by the Supreme Court acting in a legislative capacity and Plaintiffs have been illegally denied a license

<div align="center">7</div>

to practice law. Under 15 U.S.C. Section 15, Plaintiffs are entitled to recover from each of the Defendants, jointly and severally, threefold such damages sustained as well as future damages and the cost of suit, including reasonable attorneys' fees.

As a result, the public has been deprived of free and open competition in the foregoing trade and commerce. The defendants' actions have harmed and threaten to harm the general public by interfering with the orderly practice of law in the state by unlawfully reducing the number of lawyers practicing in the State, and by depriving clients of the quality of legal care they would receive but for Defendants' actions against Plaintiffs.

## REQUEST FOR INJUNCTIVE RELIEF

12. Plaintiffs will continue to suffer damage, unless defendants are restrained.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that the Court:

(1) issue injunctive relief prohibiting Defendants from restraining trade and commerce;

(2) issue an order restraining and enjoining the defendant state and individual defendants in their individual and official capacities from denying admission to the State Bar on the sole basis of the grading formula not approved by the Supreme Court acting in a legislative capacity, from 1974 to 1993, and ordering that Defendants immediately and without delay admit the Plaintiffs to the Bar.

(3) Award damages to Plaintiffs and treble them as a result of the defendants' violations of the Sherman Act, together with costs and attorneys' fees.

(4) Award the plaintiffs their costs and expenses of this litigation including reasonable attorneys' fees

(5) Grant the Plaintiffs such other and further relief as may be just and appropriate in the circumstances presented.

8

Respectfully submitted,

Robert H. Mendoza
3505 Boca Chica, Suite 162
P. O. Box 5566
Brownsville, Texas 78523
(210) 541-3848
Federal I.D.  11418
Attorney for Plaintiff

## Jury Demand

Plaintiff respectfully requests that all issues of fact, save those expressly reserved by law for the Court, be determined by a jury.

9

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

NOEL GONZALEZ, RUDY MOLINA,      §
ENRIQUE MENDIOLA, HILARIO        §
ACEVEDO,                         §
    Plaintiffs,                  §
                                 §           FILED
                                 §        JULY 20 1998
v.                               §   CIVIL ACTION NO. B-98-28
                                 §
SUPREME COURT OF TEXAS, CHIEF    §
JUSTICE THOMAS R. PHILLIPS;      §
JUSTICES RAUL A. GONZALEZ;       §
NATHAN I. HECHT; DEBORAH G.      §
HANKINSON; CRAIG ENOCH; ROSE     §
SPECTOR; PRISCILLA R. OWEN;      §
JAMES A. BAKER, GREG ABBOTT; in  §
their individual and official capacities; §
DAN MORALES, Attorney General of §
Texas, individually and in his official §
capacity; BOARD OF LAW EXAMINERS §
OF TEXAS; RACHAEL MARTIN,        §
Executive Director of Texas Board of Law §
Examiners; ROBERT ROLLER,        §
Chairman, Texas Board of Legal   §
Examiners; individually and in their §
official capacities,             §
    Defendants.                  §

## DEFENDANTS' MOTION TO DISMISS

TO THE HONORABLE JUDGE FILEMON B. VELA:

COME NOW Defendants, THE SUPREME COURT OF TEXAS, CHIEF JUSTICE

THOMAS R. PHILLIPS, JUSTICE RAUL A. GONZALEZ, JUSTICE NATHAN I. HECHT,

JUSTICE DEBORAH G. HANKINSON, JUSTICE CRAIG ENOCH, JUSTICE ROSE SPECTOR,

1

JUSTICE PRISCILLA R. OWEN, JUSTICE JAMES A BAKER, JUSTICE GREG ABBOTT, ATTORNEY GENERAL DAN MORALES, THE BOARD OF LAW EXAMINERS OF TEXAS, RACHEL MARTIN, and ROBERT ROLLER, by and through their attorney, and file this Motion to Dismiss, respectfully showing the Court the following.

## I.
## GROUNDS UPON WHICH MOTION SHOULD BE GRANTED

The above-referenced Defendants move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for dismissal of Plaintiffs' Complaint. Plaintiffs allege that their denial of admission to the State Bar of Texas violates § 1 of the Sherman Anti-Trust Act, 26 Stat. 209, 15. U.S.C. § 1. As shown below, the ultimate decision to issue or deny a law license in Texas belongs to the Supreme Court, which makes the decision one of state-action. There is no cause of action under the Sherman Act for activities which constitute state-action. Plaintiffs' claims must be dismissed.

## II.
## STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995); *Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir.1994); *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir.1992); *American Waste & Pollution Control Co. v. Browning- Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir.1991). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Rather, "the

2

complaint must contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Wright & Miller, Federal Practice and Procedure: Civil 2d S 1216 at 156-159 (citations omitted). "The Court is not required to conjure up unpled allegations in order to save a complaint, *cf. Campbell,* 43 F.3d at 975 (citing *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988)), and conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice...." *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993).

## III.
## LAW AND ARGUMENT

Plaintiffs allege that Defendants violated the Sherman Anti-Trust Act by denying them admission to the Texas Bar. Specifically, they claim that the procedure the Texas Board of Law Examiners used from 1947 to 1993 to grade and score the bar exam was not approved by the Texas Supreme Court and that the procedure was aimed at reducing the number of attorneys practicing law, contrary to the Anti-Trust Act. Plaintiffs' Original Complaint ¶ 11. Moreover, although Plaintiffs allege that the Supreme Court did not approve the procedures used by the Board of Law Examiners, they readily admit that it was the Supreme Court - not the Board of Law Examiners - who denied them admission to the bar. *Id.* As shown below, a claim brought pursuant to the Sherman Act to attack an admissions decision cannot survive.

The Supreme Court, the Board of Law Examiners, and the individuals who comprise them are exempt from this anit-trust suit because they are state actors. In *Parker v. Brown,* 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943), the Supreme Court refused to extend the Sherman Act to the

3

actions of a state, holding that when a state legislature adopts legislation, its actions are actions of the state and are *ipso facto* exempt from anti-trust legislation. In *Bates v. State Bar of Arizona*, 433 U.S. 350, 360, 97 S.Ct. 2691, 2697, 53 L.Ed.2d 810 (1977), the Court extended the *Parker* doctrine to exempt state supreme courts from Sherman Act claims. Then in *Hoover v. Ronwin*, 466 U.S. 558, 104 S.Ct. 1989 (1984), the Court declared the *Parker* doctrine applicable to bar examination committees acting under the authority of supreme courts.

In *Hoover, supra*, plaintiff sued the Arizona Board of Law Examiners, alleging that the admissions process violated the Sherman Act by attempting to limit the number of licensed attorneys. *Id.* at 1989. Defendants argued that the admissions process was state action and thus outside the purview of the Sherman Act. In examining the issue, the U.S. Supreme Court reiterated the long held policy that "where the action complained of . . . [is] that of the State itself, the action is exempt from antitrust liability regardless of the State's motives in taking the action." *Id.* at 2001. The Court considered the ultimate issue to be who actually denied plaintiff admission to the bar. *Id.* at 2002. Under the Arizona bar admission process, the Arizona Supreme Court maintains the ultimate authority on licensure while delegating power to the Board of Law Examiners to establish and implement a grading formula. *Id.* at 2000, fn. 31, 2002. The U.S. Supreme Court observed that the rules governing this process "carefully reserve to the court the authority to make the decision to admit or deny, and that decision is the critical state action here." *Id.* at 2000-01. As a result, the Court held that the actions of the Board of Law Examiners were the action of the Supreme Court, which made them the actions of the State. Accordingly, plaintiff's's anti-trust claims were dismissed for failure to state a claim upon which relief could be granted. *Id.* at 2002.

The Texas procedure for bar admissions is the same as that described in *Hoover* - the ultimate

4

authority to admit or deny admission to the Texas Bar lies with the Texas Supreme Court. Tx. R.
Admiss. To the Bar, Rule 6 (West 1997). See also Plaintiffs' Original Complaint, ¶ 8.   The Supreme
Court can delegate the power to examine applications to a committee.   Accordingly, the Texas Board
of Law Examiners exists to establish a grading formula which the Supreme Court bases its admissions
criteria upon, yet reserves final authority for itself. Tx. R. Admiss. To the Bar, Rules 6, 20 (West
1997).

As the Plaintiffs consistently and frequently concede and as the Rules of Admission to the Bar
clearly provide, the Texas Board of Law Examiners is subordinate to the Texas Supreme Court. See
Plaintiffs' Original Complaint, ¶¶ 5.2, 5.3, 5.5, 8, 9, 10, 11.      Because of this relationship between
the Court and its bar examination committee, it was the Supreme Court who denied Plaintiffs'
admission to the bar. Because the Supreme Court's bar-related decisions constitute state action, the
decisions are protected by the *Parker* doctrine. The instant suit brought pursuant to the Sherman Act
fails to state a cause of action upon which relief can be granted. It should therefore be dismissed.

<div style="margin-left: 40%;">

Respectfully submitted,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

DAVID A. TALBOT, JR.
Deputy Attorney General for Litigation

TONI HUNTER, Chief
General Litigation Division

</div>

5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# - BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED

OCT 0 8 1998

Michael N. Milby, Clerk of court
By Deputy Clerk

| | |
|---|---|
| NOEL GONZALEZ, RUDY MOLINA §<br>ENRIQUE MENDIOLA, and §<br>HILARIO ACEVEDO, §<br>    Plaintiffs §<br>§<br>vs. §<br>§<br>SUPREME COURT OF TEXAS, CHIEF §<br>JUSTICE THOMAS R. PHILLIPS; §<br>JUSTICES RAUL A. GONZALEZ; §<br>NATHAN I. HECHT; §<br>DEBORAH G. HANKINSON; §<br>CRAIG ENOCH; ROSE SPECTOR; §<br>PRISCILLA R. OWEN; §<br>JAMES A. BAKER; GREG ABBOTT; §<br>in their individual and official capacities; §<br>DAN MORALES, Attorney General §<br>of Texas, individually and in his official §<br>capacity; BOARD OF LAW EXAMINERS §<br>OF TEXAS; RACHAEL MARTIN, §<br>Executive Director of Texas Board of Law §<br>Examiners; individually an in their official §<br>capacities §<br>    Defendants § | CIVIL ACTION NO. B-98-028 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before this Court is Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P.

12(b)(6). (Docket No. 19) Plaintiffs filed their Motion to Strike Defendants' Motion to Dismiss

(Docket No. 22) and a Response to Defendants' Motion to Dismiss. (Docket No. 25). On

October 6, 1998, Plaintiffs' Motion to Strike Defendants' Motion to Dismiss was denied. A

hearing was held on October 1, 1998.

For the reasons set forth below, Defendants' Motion to Dismiss should be granted.

## BACKGROUND

Plaintiffs Noel Gonzalez, Rudy Molina, Enrique Mendiola, and Hilario Acevedo ("Plaintiffs") bring this suit as a result of the Texas Supreme Court's ("supreme court") denial of their applications for admission into the Texas State Bar.[1] (Docket No. 1, p. 4 ).  In denying them admission, the Plaintiffs allege that the Defendants violated the Sherman Anti-Trust Act, 15 U.S.C. §§ 1 & 2. (Docket No. 1, p. 5).  Specifically, they claim that the procedure the Texas Board of Law Examiners ("the Board") implemented from 1974 to 1993 to grade and score the bar exam was not approved by the Texas Supreme Court. (Docket No. 1, p. 5).  As a result, Plaintiffs claim they were denied the right to have their applications for admission governed by rules approved by the Supreme Court and instead were subjected to a scoring system aimed at reducing the number of attorneys practicing law in violation of the Sherman Anti-Trust Act. (Docket No. 1, p. 5).

## DISCUSSION AND RECOMMENDATION

"The starting point in any analysis involving the state-action doctrine is the reasoning of *Parker v. Brown,* 317 U.S. 341 (1943)." *Hoover v. Rowin*, 466 U.S. 558, 567 (1984)   In *Parker*, the Supreme Court determined that when a state legislature adopts legislation, its actions constitute those of the State, and ipso facto are exempt from the operation of the anti-trust laws. *Parker,* 317 U.S. at 351.  The Court subsequently extended the *Parker* doctrine to exempt state supreme courts, acting legislatively rather than judicially, from Sherman Act liability.  *Bates v. State Bar of Arizona*, 568 U.S. 558, 568 (1984).  In *Hoover v. Rowin*, 466 U.S. 558 (1984), the Court declared that bar examination committees acting under the authority of state supreme

---

[1]Plaintiffs have taken a haphazard approach in presenting their facts.  Absent from the Complaint and subsequent motions, is any mention of the date(s) they sat for the bar exam.

courts were also exempt from Sherman Act liability under the *Parker* state-action doctrine.

Plaintiffs allege that the Defendants' denial of their applications for admission is not state action, and as a consequence is not immune from Sherman Act anti-trust claims. (Docket No. 1, p.5). Plaintiffs contention is that the supreme court's denial of their applications[2] is based on a scoring system established by the Board and never approved by the supreme court as required by statute. (Docket No.1, p.5-6). Plaintiffs claim that because the supreme court based its denial of their application for admission to the Texas Bar on a non-approved grading formula its actions are not "state action." (Docket No.1, p.5-6). Following this line of reasoning, Plaintiffs contend the Defendants are not exempt from Sherman Act anti-trust claims under the *Parker* doctrine. (Docket No.1, p.5-6).

The actions of the Board of Law Examiners are, in reality, that of the Texas Supreme Court. *Hoover*, 466 U.S. at 573. "The case turns on the narrow and specific issue: who denied [Plaintiffs] admission into the [Texas] Bar?" *Id.* 581. The actions of the Board of Law Examiners cannot be divorced from the supreme court's exercise of its sovereign powers. *Id.* at 570. The Texas Supreme Court is the real party in interest. *Bates v. State Bar of Arizona*, 433 U.S. 350, 360. The Board of Law Examiners administers the exam and determines the eligibility of the candidates, but the supreme court retains strict supervisory powers and ultimate full authority over the Board's actions. Tex. Gov't Code Ann. § 82.004 (Vernon 1988) After administering the exam, the Board's authority is limited to making recommendations to the supreme court. Tex. Gov't Code Ann. § 82.004 (Vernon 1988). Given that its role is completely defined by the court, the Board acts as the agent of the court under its continuous

---

[2]Plaintiffs readily admit that it was the supreme court, not the Board of Law Examiners, who denied them admission to the bar. (Docket No. 1, p.5).

supervision. *Bates*, 433 U.S. at 360. The court itself makes the final decision to grant or deny admission to practice. Tex. Gov't Code Ann. § 82.021 (Vernon 1988).

The critical action in this case was the court's decision to deny Plaintiff admission to the bar. *Hoover*, 466 U.S. at 578, n. 30. In section 82.021 of the Texas Government Code, the legislature carefully reserves to the supreme court the authority to make the decision over admission to the bar. It is that decision that is the critical state action here. *Hoover*, 466 U.S. at 578. Although the supreme court delegated the administration of the Bar exam to the Board, the court itself retained the sole authority to determine who should be admitted to the practice of law in Texas. The cases of *Parker* and *Bates* unmistakably hold that, where the action complained of--here the failure to admit Plaintiffs' to the bar--was that of the state itself, the action is exempt form antitrust liability regardless of the State's motive in taking the action. *Id.* at 579-80.

The Plaintiffs' reliance on *Goldfarb v. Virginia State Bar*, 421 U.S. 773 (1975), which held that minimum fee schedules violated the anti-trust laws, is misplaced. In *Goldfarb,* state law did not set lawyers' fees nor did the Virginia Supreme Court Rules establish fee schedules. To the contrary, the Virginia Supreme Court "directed lawyers not 'to be controlled' by fee schedules." *Goldfarb,* 421 U.S. at 789. There was no "state action" in setting fees. *Id* at 790.

The Texas Supreme Court, the Board of Law Examiners, and the individuals who comprise them are exempt from Sherman anti-trust liability as their actions are those of the state. IT IS THEREFORE **RECOMMENDED** that Defendant's Motion to Dismiss should be **DENIED** pursuant to Fed. R. Civ. P. 12(b)(6).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 7th day of October, 1998.

John Wm. Black
United States Magistrate Judge

3C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# - BROWNSVILLE DIVISION -

NOEL GONZALEZ, RUDY MOLINA      §
ENRIQUE MENDIOLA, and           §
HILARIO ACEVEDO,                §
     Plaintiffs                §
                                §
                                §
vs.                             §      CIVIL ACTION NO. B-98-028
                                §
SUPREME COURT OF TEXAS, CHIEF   §
JUSTICE THOMAS R. PHILLIPS;     §
JUSTICES RAUL A. GONZALEZ;      §    United States District Court
NATHAN I. HECHT;                §    Southern District of Texas
DEBORAH G. HANKINSON;           §    ENTERED
CRAIG ENOCH; ROSE SPECTOR;      §
PRISCILLA R. OWEN;              §    **NOV 0 4 1998**
JAMES A. BAKER; GREG ABBOTT;    §
in their individual and official capacities;  §  Michael N. Milby; Clerk of Court
DAN MORALES, Attorney General   §    By Deputy Clerk
of Texas, individually and in his official    §
capacity; BOARD OF LAW EXAMINERS  §
OF TEXAS; RACHAEL MARTIN,       §
Executive Director of Texas Board of Law  §
Examiners; individually an in their official  §
capacities                      §
     Defendants                §

## ORDER

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced

cause of action. After a de novo review of the entire file, it is the opinion of this Court that the

Magistrate Judge's Report and Recommendation of October 7, 1998 should be **ADOPTED.**