IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DISTRICT

United States District Court
Southern District of Texas
FILED

AUG 0 5 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROMAN PERALES, NOEL GONZALEZ, RUDY MOLINA, ENRIQUE MENDIOLA and HILARIO ACEVEDO, JR., <br>     Plaintiffs <br><br> v. <br><br> SUPREME COURT OF TEXAS, THOMAS R. PHILLIPS; RAUL A. GONZALEZ; NATHAN I. HECHT; JOHN CORNYN; CRAIG ENOCH; ROSE SPECTOR; PRISCILLA R. OWEN; JAMES A. BAKER; GREG ABBOTT; OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF TEXAS; DAN MORALES, BOARD OF LAW EXAMINERS OF THE STATE OF TEXAS, RACHAEL MARTIN, WARLICK CARR; DEBORAH G. HANKINSON; ROBERT ROLLER <br>     Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. B-00-009 |

## **DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S RULE 60(b) MOTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants the Supreme Court of Texas, Thomas R. Phillips, Raul A. Gonzalez, Nathan I. Hecht, John Cornyn, Craig Enoch, Rose Spector, Priscilla R. Owen, James A. Baker, Greg Abbott, Office of the Attorney General of the State of Texas, Dan Morales, Board of Law Examiners of the State of Texas, Rachel Martin, Warlick Carr, Deborah G. Hankinson, and Robert Roller ("Defendants") by and through their attorney of record, the Attorney General of Texas and the undersigned assistant attorney general, with their Brief in Opposition to Plaintiff's Rule

60(b) Motion. Defendants would respectfully show this Court the following:

## I.
## INTRODUCTION

Plaintiff Roman Perales failed the Texas Bar Exam in February 1989, July 1989, and July 1990. In July 1991, he passed Part II of the exam but failed Part I. In July 1992, he again failed Part II. Then on June 4, 1993, Plaintiff Perales began his crusade to browbeat the legal system into giving him a law license. For four years, Perales pursued his claims through the Texas State Court system. Plaintiff has duly litigated his dissatisfaction with the Supreme Court and the Board of Law Examiners before the Travis County District Courts, the Third Court of Appeals, and the Texas Supreme Court. Plaintiff's state court claim was, primarily, that his inability to pass the bar stemmed from a change in the calculation of the Multistate Bar Examination ("MBE") score. This change was made in a July 1991 Board of Law Examiners meeting. Throughout Perales' state court pleadings, Perales asked the various courts to enjoin the application of the changed MBE score and enter a passing score for Perales. On March 28, 1994, after a trial on the merits, the trial court denied Perales' requests for injunctive and declaratory relief. That judgment was affirmed by the Third Court of Appeals on May 17, 1995. Between August 29, 1995, and March 11, 1996, Perales filed an avalanche of motions before the Supreme Court of Texas seeking to overturn the lower courts' decisions. All such motions were overruled by the Texas Supreme Court.

Then, in early 1997, Plaintiff Perales and others filed suit in this Court (Civil Action No. B-96-226) seeking to readjudicate the same claims at the federal level. In that case, Defendants' Motion to Dismiss was granted on May 21, 1997, pursuant to the *Rooker-Feldman* doctrine. This Court dismissed the case with prejudice. That judgment was affirmed by the Fifth Circuit Court of

Appeals.

On January 12, 2000, Plaintiff Perales and others filed the instant suit, asserting that their prior suits were improperly dismissed because the Court improperly decided the issues of law and the Defendants committed a fraud on the Court. On May 19, 2000, this Court granted Defendants' Motion to Dismiss on the grounds of *res judicata*. On July 17, 2000, final judgment was entered in this case in favor of Defendants.

On or about April 18, 2003, Plaintiff Perales filed his Rule 60(b) Motion to Set Aside Judgment for Fraud on the Court. This Brief in Opposition is filed in response to Plaintiff Perales' Rule 60(b) Motion.

## II.
## PLAINTIFF PERALES' RULE 60(b) MOTION

In his Motion, Plaintiff Perales is asking this Court to set aside the judgments in Civil Action Nos. B-96-226 (discussed above) and B-98-28. As stated above, Plaintiff Perales was a Plaintiff in Civil Action No. B-96-226. Plaintiff Perales, however, was not a party to and has no connection with or authority to represent the interests of the Plaintiffs in Civil Action No. B-98-28. Accordingly, Plaintiff Perales may not properly ask this Court to review any judgment in Civil Action No. B-98-28. *See* FED. R. CIV. PRO. 60(b).

## III.
## REQUIREMENTS OF A RULE 60(b) MOTION BASED ON FRAUD

Federal Rule of Civil Procedure 60(b) states, in pertinent part:

**On motion** and upon such terms as are just, **the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:** (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); **(3) fraud** (whether heretofore

denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . . **The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than a year after the judgment, order, or proceeding was entered or taken.**

FED. R. CIV. PRO. 60(b) (emphasis added). As is shown above, Plaintiff Perales is asking this Court to relieve him, on the basis of fraud, from a final judgment that was entered on May 21, 1997. Rule 60(b) clearly states that a motion for relief on the basis of fraud must be made "not more than a year after the judgment . . . was entered or taken." FED. R. CIV. PRO. 60(b). Plaintiff Perales filed his Rule 60(b) Motion on April 18, 2003, almost six years after judgment was entered in Civil Action No. B-96-226. Because his Rule 60(b) Motion was filed more than a year after the entry of the complained-of judgment, Plaintiff Perales' Motion must be dismissed. *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1174 (10th Cir. 2000); *Campaniello Imports Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 662 (2nd Cir. 1997); *Simon v. Navon*, 116 F.3d 1, 3 (1st Cir. 1997); *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 871 (5th Cir. 1989).

## IV.
## PRAYER

ACCORDINGLY, Defendants ask that this Court deny Plaintiff Perales' Rule 60(b) Motion and for such other and further relief to which they may be entitled.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

EDWARD D. BURBACH

Deputy Attorney General for Litigation

ROBERT O'KEEFE
Acting Chief, General Litigation Division

_____
JOHN M. GREY
Attorney-in-Charge
Texas Bar No. 24012735
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
[512] 463-2120; Fax: [512] 320-0667
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent via certified mail, return receipt requested, and via regular United States mail on this the 4th day of August, 2003, as follows:

Roman Perales
P. O. Box 5566
Brownsville, TX 78523

Rudy Molina
2100 Jonquil
McAllen, TX 78501

Hilario Acevedo, Jr.
719 Brazos Circle
Mission, TX 78572

Noel Gonzalez
P. O. Box 1422
Rio Grande City, TX 78582

Enrique Mendiola
P. O. Box 6538
McAllen, TX 78502

_____
JOHN M. GREY
Assistant Attorney General

*Defendants' Brief in Opposition*