IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 0 2 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROMAN PERALES, NOEL GONZALEZ, § | | |
| RUDY MOLINA, ENRIQUE MENDIOLA § | | |
| AND HILARIO ACEVEDO, JR. § | | |
| Plaintiffs § | | |
| § | | |
| vs. § | | CIVIL ACTIN NO. B-00-009 |
| § | | |
| SUPREME COURT OF TEXAS; § | | |
| THOMAS R. PHILLIPS; § | | |
| RAUL A. GONZALEZ; § | | |
| NATHAN I. HECHT; JOHN CORNYN; § | | |
| CRAIG ENOCH; ROSE SPECTOR; § | | |
| PRISCILLA R.OWEN; JAMES A BAKER; § | | |
| GREG ABBOTT; OFFICE OF THE § | | |
| ATTORNEY GENERAL OF TEXAS; § | | |
| DAN MORALES; BOARD OF LAW § | | |
| EXAMINERS OF TEXAS; § | | |
| RACHAEL MARTIN; WARLICK CARR; § | | |
| DEBORAH G. HANKINSON; and § | | |
| ROBERT ROLLER § | | |
| Defendants § | | |

**REPLY AND OBJECTIONS TO DEFENDANTS' BRIEF IN OPPOSITION TO
FIRST AMENDED COMPLAINT TO SET ASIDE THE JUDGMENT
AND PETITION FOR WRIT OF MANDAMUS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Roman Perales, pro se, with his Reply and Objections to Defendants' Brief. Plaintiff would respectfully show this Court the following.

The Plaintiff received a copy of the Defendants' Brief on August 25, 2003 because the copy was inadvertently sent to a wrong address.

1

## I. CLAIM FOR RELIEF IN CAUSE NO. B-00-009

The claim for relief in the First Amended Complaint to set aside the judgment for fraud on the court and petition for writ of mandamus is to compel the magistrate in cause No. B-96-226 to comply with his duty to make a finding in the magistrate's report and recommendation of an allegation made in the anti-trust complaint which finding of such allegation was omitted, and which finding of such allegation was also omitted in cause No. B-98-28; and to comply with his duty to strike a finding made in the report and recommendation of an allegation made in the anti-trust complaint because of fraud on the court in Cause No. B-96-226 and such finding was also made in cause No. B-98-28.

The plaintiff never received a copy of the final judgment in the instant Cause No. B-00-009. The plaintiff in the instant cause, seeks to compel the magistrate to comply with his duty to make a finding in the report and recommendation in Cause No. 96-226 of the allegation made in the anti-trust complaint that the denial of admission to the state bar on a grading formula for the bar exam that was not approved by the state supreme court is not a denial of the state supreme court and thus violates the anti-trust laws. The plaintiff also seeks to compel the magistrate to comply with his duty to strike the finding in the report and recommendation of the allegation in the anti-trust complaint and to strike the allegation from the complaint, that the denial of admission to the state bar on a grading formula not approved by the state supreme court is a denial of the state supreme court, because such allegation has no basis in fact and in law and is completely false. The defendants and their attorneys made and advocated the false statement to the plaintiff and to the court in both cause No. B-96-226 and No. B-98-28.

## II. MAGISTRATE MISCONDUCT

Respondent Magistrate John Black did not respond to the request to compel him to comply with the duty to make a finding in the report and recommendation of the allegation in the anti-trust complaint which finding was omitted nor did he respond to the request to compel him to comply with the duty to strike a finding in the report and recommendation of the allegation in the anti-trust complaint that is false.

The brief completely failed to respond to the portion of the claim for relief that seeks to compel the magistrate to comply with his duty to make findings in the report and recommendation of such finding of the allegation that was omitted from the report and recommendation. The brief did not deny that such allegation was made in the anti-trust complaint. The brief did not deny that the magistrate had a duty to make a finding on such allegation. The brief did not deny that the magistrate violated such duty. The brief did not deny that such failure to comply with duty to make a finding of the allegation in the anti-trust complaint denied the rights of a day in court, due process and equal protection under the First and Fifth Amendments of the United States Constitution. The brief did not object to the request to compel the magistrate to comply with the duty to make such finding. The brief did not deny that the district court has authority and a duty to compel the magistrate to comply with the duty to make a finding on such allegation in the anti-trust complaint in Cause No. 96-226. F.R.C.P. 8(d), effect of failure to deny, provides that: Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading.

The All Writs Act, 28 U.S.C.§1651(a), provides: The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. United States v. Christian, 660 F.2d 892 (1981) at 894; Ex Parte Bradstreet, 32 U.S. (7 Pet.)634, 8 L.Ed.810 (1833); In Re Charge of Judicial Misconduct, 593 F.2d 879 (1979); In Re Charge of Judicial Misconduct, 691 F.2d 924 (1982). In Re Judicial Misconduct, 700 F.2d 1391 (1983), is a case where a petition was filed to compel a magistrate to issue proposed findings. The brief did not respond to these cited cases.

### III. ATTORNEY MISCONDUCT

The brief responded to the portion of the claim for relief in the first amended complaint and petition for writ of mandamus, to compel the magistrate to comply with the duty to strike a finding in the report and recommendation of an allegation made in the anti-trust complaint and to strike the allegation in the complaint because of fraud on the court. The brief admits that the allegation in question was made in the anti-trust complaint which stated that the denial of admission to the state bar on a grading formula not approved by the state supreme court is a denial of the state supreme court. The brief did not deny that such allegation is without any basis in fact and in law and is false. The brief did not address the cited cases of Goldfarb v. Virginia State Bar, 421 U.S. 773 (1975), as to the merits, a regulation to the practice of law that is not approved by the state supreme court is not a regulation of the state supreme court and any decision based on such regulation is not that of the state supreme court, and Hoover v. Ronwin, 466 U.S. 558 (1983), as to the merits, a denial to the state bar on a grading formula for the bar

exam that was not approved by the state supreme court is not a denial of the state supreme court. F.R.C.P. 8(d) provides as to the effect of failure to deny, that: Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."

Instead, the brief argued that Rule 60(b)(3) controls and the cases cited therein, that the federal court has no authority to hear the claim for relief from the judgment since more than one year has passed from the date of the judgment in question. However, the one-year limitation period applicable under FRCP 60(b) does not apply to an independent action to relieve a party from a judgment procured by fraud. See, e.g., Robinson v. Volkswagenwerk AG, 56 F.3d 1268, 1273-74 (10th Cir. 1995). Rule 60(b) states that it "does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided by Title 28, U.S.C., §1655 or to set aside a judgment for fraud on the court."

The attorney misconduct complained in this independent action for relief from judgment, which the brief did not deny, is directed at the plaintiff and the federal court. Under 28 U.S.C. 1651(a) and U.S. v. Beggerly, this court has authority and a duty to hear the first amended complaint and petition for writ of mandamus to compel the magistrate to comply with the duty to strike the finding in the report and recommendation of such allegation and to strike the allegation from the anti-trust complaint because such allegation is without any basis in fact and in law and is completely false; and made to the federal courts to influence the outcome of the anti-trust complaint. See also Marshall v. Holmes, 141 U.S. 589, 12 S.Ct. 62, 35 L.Ed. 870 (1891)., a

case cited in U.S. v. Beggerly, 118 S.Ct. 1869; United States v. Christian, 660 F.2d 892 (1981) at 894. Again, the brief did not respond to these cited cases either.

The case of Pumphrey v. K.W. Thompson Tool Co., 62 F.3d 1128, 1130 (9th Cir. 1995) held that FRCP 60(b) "provides that a judgment may be set aside for fraud on the court. One species of fraud upon the court occurs when an 'officer of the court' perpetrates fraud affecting the ability of the court or jury to impartially judge a case. At 1132-33, '[T]he inquiry as to whether a judgment should be set aside for fraud upon the court under Rule 60(b) focuses [on] whether the alleged fraud harms the integrity of the judicial process.'" The brief did not deny that the alleged attorney misconduct of the false statement made and advocated to the plaintiff and to the court harms the integrity of the judicial process; such statement clearly harms the integrity of the judicial process. The district court has the power, on motion or sua sponte, to dismiss the complaint or to strike such parts as are redundant or immaterial . . .. Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995). Such false statement must be struck from the findings in the magistrate's report and recommendation and from the anti-trust complaint; and the court has authority sua sponte and a duty to strike such allegation in the anti-trust complaint in cause No. B-96-226 and No. B-98-28 and order the magistrate to comply with the duty to strike the finding in the report and recommendation of such allegation.

## IV. PRAYER

ACCORDINGLY, Plaintiff asks this Court to deny the relief requested by the defendants and to grant the relief requested by Plaintiff, to compel the magistrate to comply with the duty to make a finding in the report and recommendation of the allegation in the anti-trust complaint in

Cause No. 96-226, that the denial of the admission to the state bar on a grading formula not approved by the state supreme court is not a denial of the state supreme court and thus violates the Sherman anti-trust laws; and to compel the magistrate to comply with the duty to strike the finding in the report and recommendation of the allegation in the antitrust complaint that the denial of the admission to the state bar on a grading formula for the bar exam that was not approved by the state supreme court is that of the state supreme court; and for such other and further relief to which he may be entitled.

Respectfully submitted,

*Roman Perales*

Roman Perales
P.O. Box 260616
Corpus Christi, Texas 78426-0616
(361) 944-2163
Plaintiff and Relator Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent via regular United States mail on this the 29th day of August, 2003 as follows:

Honorable John William Black, Magistrate,
United States District Court for the Southern District of Texas,
600 E. Harrison Street,
Brownsville, Texas, 78520.

Greg Abbot, Attorney General of Texas
John Grey, Assistant Attorney General
General Litigation Division
P. O. Box 12548, Capitol Station
Austin, Texas 78711-2548

Noel Gonzalez
P.O. Box 1422
Rio Grande City, Texas 78582

Rudy Molina
2100 Jonquil
McAllen, Texas 78501

Enrique Mendiola
P.O. Box 6538
McAllen, Texas 78502

Hilario Acevedo, Jr.
719 Brazos Circle
Mission, Texas 78572

Robert H. Mendoza
Attorney at Law
P.O. Box 5566
Brownsville, Texas 78523
(956) 541-5494

*Roman Perales*
Roman Perales