

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 17 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROMAN PERALES, NOEL GONZALEZ, § | | |
| RUDY MOLINA, ENRIQUE MENDIOLA § | | |
| AND HILARIO ACEVEDO, JR. § | | |
|     Plaintiffs § | | |
| § | | |
| vs. § | CIVIL ACTIN NO. B-00-009 | |
| § | | |
| SUPREME COURT OF TEXAS; § | | |
| THOMAS R. PHILLIPS; § | | |
| RAUL A. GONZALEZ; § | | |
| NATHAN I. HECHT; JOHN CORNYN; § | | |
| CRAIG ENOCH; ROSE SPECTOR; § | | |
| PRISCILLA R.OWEN; JAMES A BAKER; § | | |
| GREG ABBOTT; OFFICE OF THE § | | |
| ATTORNEY GENERAL OF TEXAS; § | | |
| DAN MORALES; BOARD OF LAW § | | |
| EXAMINERS OF TEXAS; § | | |
| RACHAEL MARTIN; WARLICK CARR; § | | |
| DEBORAH G. HANKINSON; and § | | |
| ROBERT ROLLER § | | |
|     Defendants § | | |

## MOTION FOR RECONSIDERATION OF THE ORDER DENYING MOTION TO SET ASIDE THE JUDGMENT AND PETITION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW Plaintiff Roman Perales, pro se, with his Motion for Reconsideration of the Order Denying Motion To Set Aside the Judgment and Petition for Writ of Mandamus and would respectfully show this Court the following.

**I.**

The Plaintiff received a copy of the Defendants' Brief on August 25, 2003 because the copy was inadvertently sent to a wrong address. The Plaintiff sent his Reply to Defendants' Brief on August 28, 2003 and it was filed on September 2, 2003. On September 8, 2003, Plaintiff received a copy of the August 8, 2003, Court's Order Denying Motion to Set Aside the Judgment and Petition for Writ of Mandamus. The district clerk apparently sent the court's order to a wrong address. Therefore, this Court did not consider the Plaintiff's reply to Defendants' Brief before its order was entered. Plaintiff requests that this court take judicial notice of the September 2, 2003 reply to the Defendants' brief and consider such. Plaintiff adopts such reply and incorporates such in this Motion for Reconsideration as if pled here.

**II.**

While the Plaintiff filed an amended complaint and petition for writ of mandamus, the defendants and this court referred to such amended complaint as a motion. Moreover, the defendants and the court referred to the Amended Complaint and Petition for Writ of Mandamus as alleging a fraud under Rule 60 (b) (3). However, the Amended Complaint and Petition for Writ of Mandamus alleges a fraud on the court because of the attorney general misconduct and because of the magistrate misconduct. Under the First and Fifth Amendment of the Constitution, the Rules of Civil Procedure and the case law as pled in the previous pleadings in this court, clearly, this Plaintiff has a right to have the court consider his Amended Complaint and Petition for Writ of Mandamus as one that alleged attorney misconduct and magistrate misconduct. Additionally, this court ruled in the order of August 8, 2003, that "[f]or the reasons aforementioned in this

2

Court's Final Judgment (Doc. 25), and because the one year statute of limitations has run for a Rule 60(b) motion, Plaintiffs' Motion and Petition are hereby DENIED." This court did not cite the allegations in the relief requested nor did not cite any case law supporting such ruling.

### III.

Plaintiff did not received a copy of the final judgment (Doc. 25) and received a copy of the order of August 8, 2003, on September 8, 2003. Therefore, this court should set aside the final judgment (Doc. 25), for failure of the district clerk to notify Plaintiff of such judgment and should consider the relief requested as an Amended Complaint to Set Aside the Judgment and Petition for Writ of Mandamus.

### IV.

In any event, this court has jurisdiction and authority to consider the relief requested which was filed on July 21, 2003 because the principle of res judicata does not apply to allegations of attorney general fraud on the court or to allegations of magistrate misconduct. The judgment in question in the underlying anti-trust suit cannot serve as res judicata because such judgment was procured by fraud on the part of the defendants' attorneys as pled in the Amended Complaint and Petition for Writ of Mandamus. Under the All Writs Act, 28 U.S.C.§1651(a), Marshall v. Holmes, 141 U.S. 589, 12 S.Ct. 62, 35 L.Ed. 870 (1891), U.S. v. Beggerly, 118 S.Ct. 1869, Hazel Atlas Glass Co., v. Hartford-Empire Co., 322 U.S. 238, 244, 64 S.Ct. 997, 1000, 88 L.Ed 259 (1944), this court has a duty to consider and rule on such allegations of attorney misconduct and magistrate misconduct in Amended Complaint and Petition for Writ of Mandamus.

3

## V.

The case of Pumphrey v. K.W. Thompson Tool Co., 62 F.3d 1128, 1130 (9th Cir. 1995) held that the one year limitation does not apply and that FRCP 60(b) "provides that a judgment may be set aside for fraud on the court. One species of fraud upon the court occurs when an 'officer of the court' perpetrates fraud affecting the ability of the court or jury to impartially judge a case. At 1132-33, '[T]he inquiry as to whether a judgment should be set aside for fraud upon the court under Rule 60(b) focuses [on] whether the alleged fraud harms the integrity of the judicial process.'" The defendants' brief did not deny that the alleged attorney misconduct of the false statement made and advocated to the plaintiff and to the court, which false statement was made in the underlying anti-trust complaint, harms the integrity of the judicial process; such false statement, which stated that the denial of admission to the state bar on a grading formula not approved by the state supreme court is a denial of the state supreme court and violates the anti-trust laws, clearly harms the integrity of the judicial process.

## VI.

Nor does the principle of res judicata and one year limitation apply to the petition for writ of mandamus against the magistrate for alleged misconduct. The allegations of magistrate misconduct stated that the magistrate failed and refused to comply with its duty to make proposed findings in the magistrate's report and recommendation of the allegation in the anti-trust complaint that the denial of admission to the state bar on a grading formula not approved by the state supreme court is not a denial of the state supreme court and violates the anti-trust laws. see All Writs Act, 28 U.S.C.§1651(a); United States v. Christian, 660 F.2d 892 (1981) at 894; Ex

Parte Bradstreet, 32 U.S. (7 Pet.)634, 8 L.Ed.810 (1833); In Re Charge of Judicial Misconduct, 593 F.2d 879 (1979); In Re Charge of Judicial Misconduct, 691 F.2d 924 (1982). In Re Judicial Misconduct, 700 F.2d 1391 (1983). Again, under the First and Fifth Amendment of the Constitution, the Rules of Civil Procedure and the case law, clearly, this Plaintiff has a right to have the court consider his Amended Complaint and Petition for Writ of Mandamus as one that alleged attorney misconduct and magistrate misconduct and a duty to consider and rule on such allegations.

### VII. PRAYER

ACCORDINGLY, Plaintiff asks this Court to reconsider the order of August 8, 2003, grant the motion for reconsideration, consider Plaintiff's Reply, consider the First Amended Complaint and Petition for Writ Mandamus as one that alleged attorney general misconduct and magistrate misconduct, deny the relief requested by the defendants and to grant the relief requested by Plaintiff in the Amended Complaint and Petition for Writ of Mandamus, to compel the magistrate to comply with the duty to make a finding in the report and recommendation of the allegation in the anti-trust complaint in Cause No. 96-226, that the denial of the admission to the state bar on a grading formula not approved by the state supreme court is not a denial of the state supreme court and thus violates the Sherman anti-trust laws; and to compel the magistrate to comply with the duty to strike the finding in the report and recommendation of the false allegation in the antitrust complaint that the denial of the admission to the state bar on a grading formula for the bar exam that was not approved by the state supreme court is that of the state supreme court; and for such other and further relief to which he may be entitled.

Respectfully submitted,

*Roman Perales*

Roman Perales
P.O. Box 260616
Corpus Christi, Texas 78426-0616
(361) 767-1701
Plaintiff and Relator Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent via regular United States mail on this the 16th day of September, 2003 as follows:

Honorable John William Black, Magistrate,
United States District Court for the Southern District of Texas,
600 E. Harrison Street,
Brownsville, Texas, 78520.

Greg Abbot, Attorney General of Texas
John Grey, Assistant Attorney General
General Litigation Division
P. O. Box 12548, Capitol Station
Austin, Texas 78711-2548

Noel Gonzalez
P.O. Box 1422
Rio Grande City, Texas 78582

Rudy Molina
2100 Jonquil
McAllen, Texas 78501

Enrique Mendiola
P.O. Box 6538
McAllen, Texas 78502

Hilario Acevedo, Jr.
719 Brazos Circle
Mission, Texas 78572

*Roman Perales*

Roman Perales